James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Debra L. Spinelli, Esq., Bar No. 9695
DLS@pisanellibice.com
M. Magali Calderon, Esq., Bar No. 11742
MMC@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AERODYNAMICS INCORPORATED, a Michigan corporation; ADI HOLDINGS COMPANY, INC., a Georgia corporation,<br><br>Plaintiffs,<br>vs.<br><br>CAESARS ENTERTAINMENT OPERATING COMPANY, INC., a Delaware corporation; STEVEN MARKHOFF, an individual; INTERNATIONAL MANAGEMENT SOLUTIONS LLC, a Delaware corporation; VIA AIRLINES, INC., a Colorado corporation; VIA AIR, LLC, a Delaware corporation; and AMOS VIZER, an individual,<br><br>Defendants. | CASE NO.: 2:15-cv-1344<br><br>**ANSWER TO COMPLAINT** |

Defendants Caesars Entertainment Operating Company, Inc. ("Caesars"), Steven Markhoff ("Markhoff"), International Management Solutions LLC ("IMS"), Via Airlines, Inc. ("Via Airlines"), Via Air, LLC (Via Air"), and Amos Vizer ("Vizer") (collectively, "Defendants"), by and through their undersigned counsel, hereby respond to Plaintiffs' Complaint as follows:

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

**JURISDICTION AND VENUE**

1. Defendants state that the allegations in paragraph 1 are legal conclusions to which no responsive pleading is required. To the extent any response is required, the Defendants deny the allegations in paragraph 1.

2. Defendants state that the allegations in paragraph 2 are legal conclusions to which no responsive pleading is required. To the extent any response is required, (a) Caesars, Markhoff, IMS and Via Airlines admit that venue is proper and deny any and all remaining allegations in paragraph 2; and (2) Via Air and Vizer deny the allegations in paragraph 2.

**THE PARTIES**

3. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3, and therefore deny the same.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4, and therefore deny the same.

5. With respect to the allegations in paragraph 5:

a. Caesars admits the allegations in paragraph 5.

b. Markhoff, IMS, Via Airlines, Vizer and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5, and therefore deny the same.

6. With respect to the allegations in paragraph 6:

a. Caesars admits that Markhoff was Vice President of ESS Travel Management; denies that ESS Travel Management is a subsidiary of Caesars; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of paragraph 6, and therefore denies the same.

b. Markhoff admits that he was the Vice President of ESS Travel Management; denies that it was a subsidiary of Caesars; and admits the remaining allegations in paragraph 6.

c.      IMS admits the first and third sentences in paragraph 6, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of paragraph 6, and therefore denies the same.

d.      Via Airlines, Vizer and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6, and therefore deny the same.

7.      With respect to the allegations in paragraph 7:

a.      Caesars lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7, and therefore denies the same.

b.      Markhoff and IMS admit the allegations in paragraph 7.

c.      Via Airlines, Vizer and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7, and therefore deny the same.

8.      With respect to the allegations in paragraph 8:

a.      Caesars, IMS, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8, and therefore deny the same.

b.      Markhoff, Via Airlines, and Vizer admit the first two sentences in paragraph 8, and deny the remaining allegations therein.

9.      With respect to the allegations in paragraph 9:

a.      Caesars, Markhoff, IMS, and Via Airlines lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9, and therefore deny the same.

b.      Via Air and Vizer admit the allegations in paragraph 9. In addition, Via Air objects to the use of "Via Air" interchangeably with Via Airlines.

10.      With respect to the allegations in paragraph 10:

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

a. Caesars, Markhoff, and IMS lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10, and therefore deny the same.

b. Via Air and Vizer admit the allegations in paragraph 10.

c. Via Airlines admits the first sentence in paragraph 10 and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10, and therefore denies the same.

d. Via Air, Vizer, and Via Airlines object to the term "Vizer Entities" and/or any and all statements that conflate their respective identities.

## ALLEGATIONS COMMON TO ALL CLAIMS

### A. Summary of Action.

11. Defendants do not respond to the legal conclusions in paragraph 11 because no response is required but, to the extent a response is required, deny the same; and deny each and every allegation in paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12, and therefore deny the same.

13. With respect to the allegations in paragraph 13:

a. Caesars and Markhoff admit the allegations in paragraph 13.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13, but are informed and believed that they are true.

14. With respect to the allegations in paragraph 14:

a. Caesars and Markhoff admit that Markhoff was Vice President of ESS Travel Management; admit that Markhoff reached out to ADI regarding bids for charter services for Caesars; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 14, and therefore deny the same.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14, and therefore deny the same.

15. With respect to the allegations in paragraph 15:

a. Caesars and Markhoff admit that ADI made a bid to provide Caesars charter services, and admit that discussions followed thereafter, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 15, and therefore deny the same.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15, and therefore deny the same.

16. With respect to the allegations in paragraph 16:

a. Caesars and Markhoff admit Caesars and ADI did not enter into an agreement; admit Caesars entered into an agreement with Via Airlines for charter services; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in fourth sentence of paragraph 16, and therefore deny the same; and deny each and every remaining allegations in paragraph 16.

b. Via Airlines and Vizer admit Via Airlines entered into an agreement with Caesars for charter services; and deny each and every remaining allegations in paragraph 16.

c. Via Air denies that Via Airlines is owned by Vizer; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 16, and therefore denies the same.

d. IMS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16, and therefore denies the same.

17. With respect to the allegations in paragraph 17:

a. Caesars and Markhoff admit the existence of a nondisclosure agreement referred to in paragraph 17, which purports to be attached to the Complaint as Exhibit 1, and refer to that agreement for a complete and accurate statement of the terms and contents thereof; deny

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

the allegation of any purported breach thereof; do not respond to the legal conclusions because no response is required but, to the extent a response is required, deny the same; and deny any and all remaining allegations in paragraph 17.

b. IMS does not respond to the legal conclusions in paragraph 17 because no response is required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17, and therefore denies the same.

c. Via Airlines, Vizer, and Via Air deny the allegation in paragraph 17 that refers to them specifically; do not respond to the legal conclusions in paragraph 17 because no response is required but, to the extent a response is required, deny the same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 17, and therefore deny the same.

**B. The Initial Relationship Between Caesars and ADI, and the Caesars Non-Disclosure Agreement.**

18. With respect to the allegations in paragraph 18:

a. Caesars and Markhoff admit that Markhoff was Vice President of ESS Travel Management; admit that Markhoff reached out to ADI regarding bids for charter services for Caesars; and deny all remaining allegations in paragraph 18.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18, and therefore deny the same.

19. With respect to the allegations in paragraph 19:

a. Caesars and Markhoff admit to the existence of request for bids referred to in paragraph 19, and refer to that document for a complete and accurate statement of the statements therein; and otherwise deny the allegations in paragraph 19.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19, and therefore deny the same.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

20.     With respect to the allegations in paragraph 20:

a.     Caesars and Markhoff admit the existence of a nondisclosure agreement referred to in paragraph 20, refer to that agreement for a complete and accurate statement of the terms and contents thereof; and otherwise deny the allegations in paragraph 20.

b.     IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20, and therefore deny the same.

21.     With respect to the allegations in paragraph 21:

a.     Caesars and Markhoff admit the existence of a nondisclosure agreement referred to in paragraph 21, refer to that agreement for a complete and accurate statement of the terms and contents thereof; and otherwise deny the allegations in paragraph 21.

b.     IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21, and therefore deny the same.

22.     With respect to the allegations in paragraph 22:

a.     Caesars and Markhoff admit the existence of a nondisclosure agreement referred to in paragraph 22, refer to that agreement for a complete and accurate statement of the terms and contents thereof, and otherwise deny the allegations in paragraph 22.

b.     IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22, and therefore deny the same.

**C.     Caesars and ADI Negotiate the Charter Agreement.**

23.     With respect to the allegations in paragraph 23:

a.     Caesars and Markhoff admit that Markhoff traveled to ADI's offices in Georgia in early October 2014 and reviewed documents and information; do not respond to the legal conclusions in paragraph 23 because no response is required but, to the extent a response is required, deny the same; and otherwise deny the allegations therein.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23, and therefore deny the same.

24. With respect to the allegations in paragraph 24:

a. Caesars and Markhoff admit the allegations in the second and third sentences; admit that they reviewed documents and information; do not respond to the legal conclusions in paragraph 24 because no response is required but, to the extent a response is required, deny the same; and otherwise deny the allegations therein.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24, and therefore deny the same.

25. With respect to the allegations in paragraph 25:

a. Caesars and Markhoff admit that Markhoff reviewed documents and information; do not respond to the legal conclusions in paragraph 25 because no response is required but, to the extent a response is required, deny the same; and otherwise deny the allegations therein.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25, and therefore deny the same.

26. With respect to the allegations in paragraph 26:

a. Caesars and Markhoff admit that Markoff sent ADI a preliminary overview of proposed terms, and refer to it for a complete and accurate statement of its content; do not respond to the legal conclusions in paragraph 26 because no response is required but, to the extent a response is required, deny the same; and otherwise deny the allegations in paragraph 26.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26, and therefore deny the same.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

27. With respect to the allegations in paragraph 27:

a. Caesars and Markhoff admit that Markhoff exchanged correspondence with Beale, and refer to that correspondence for a complete and accurate statement of its content; do not respond to the legal conclusions in paragraph 27 because no response is required but, to the extent a response is required, deny the same; and deny any and all remaining allegations therein.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27, and therefore deny the same.

28. With respect to the allegations in paragraph 28:

a. Caesars and Markhoff admit the allegations in paragraph 28.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28, and therefore deny the same.

**D. The Flight Test Aviation Lawsuit and Department of Transportation Inquiry.**

29. With respect to the allegations in paragraph 29:

a. Caesars and Markhoff admit that Markhoff was informed about the Chapter 11 reorganization; and deny all remaining allegations in paragraph 29.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29, and therefore deny the same.

30. With respect to the allegations in paragraph 30:

a. Caesars and Markhoff admit that Markhoff was informed about the Chapter 11 reorganization; and deny all remaining allegations in paragraph 30.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30, and therefore deny the same.

31. With respect to the allegations in paragraph 31:

a. Markhoff admits that he discussed with Beale the bankruptcy; and denies all remaining allegations in paragraph 31.

b. Caesars lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31, and therefore denies the same.

c. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31, and therefore deny the same.

32. With respect to the allegations in paragraph 32:

a. Caesars and Markhoff admit the allegations in paragraph 32.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32, and therefore deny the same.

33. With respect to the allegations in paragraph 33:

a. Markhoff admits the allegations in paragraph 33.

b. Caesars, IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33, and therefore deny the same.

**E. Caesars and ADI Reach Agreement on the Charter Agreement.**

34. With respect to the allegations in paragraph 34:

a. Caesars and Markhoff admit that they solicited bids from ADI, among others; admit that they discussed the terms of a potential agreement; and deny any and all remaining allegations in paragraph 34.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34, and therefore deny the same.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

35. With respect to the allegations in paragraph 35:

a. Markhoff admits that he had oral and written communications with Beale regarding the Department of Transportation, refer to the written communications for a complete and accurate statement of the contents therein, and deny any and all remaining allegations in paragraph 35.

b. Caesars, IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35, and therefore deny the same.

36. With respect to the allegations in paragraph 36:

a. Markhoff admits that he had written communications with Beale regarding the bid, refers to the written communications for a complete and accurate statement of the contents therein, and denies any and all remaining allegations in paragraph 36.

b. Caesars admits that Markhoff had written communications with Beale regarding the bid, and refers to the written communications for a complete and accurate statement of the contents therein; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in the first half of the last sentence of paragraph 36; denies that ADI had passed Caesar's background investigation; and denies any and all remaining allegations in paragraph 36.

c. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36, and therefore deny the same.

37. With respect to the allegations in paragraph 37:

a. Caesars and Markhoff deny the allegations in paragraph 37.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37, and therefore deny the same.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

**F. The DOT's Order to Show Cause and ADI's Immediate Remedial Action.**

38. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38, and therefore deny the same.

39. With respect to the allegations in paragraph 39:

a. Caesars, IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39, and therefore deny the same.

b. Markhoff admits the allegation in the last sentence in paragraph 39; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39, therefore denies the same.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40, and therefore deny the same.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41, and therefore deny the same.

42. With respect to the allegations in paragraph 42:

a. Markhoff admits that he was informed of the Department of Transportation's deferral, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 42, and therefore denies the same.

b. Caesars, IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42, and therefore deny the same.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43, and therefore deny the same.

**G. Caesars Conducts Further Review of ADI's Trade Secret Information.**

44. With respect to the allegations in paragraph 44:

a. Markhoff admits that he had communications with Beale regarding the order to show cause and additional diligence; and denies any and all remaining allegations in paragraph 44.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

b. Caesars admits that Markhoff had communications with Beale regarding the order to show cause and additional diligence; admits that it was aware of the Department of Transportation inquiry; denies the allegations that it "moved forward enthusiastically;" lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 as it relates to other communications between Markhoff and Beale, and therefore denies the same; and denies any and all remaining allegations.

c. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44, and therefore deny the same.

45. With respect to the allegations in paragraph 45:

a. Caesars and Markhoff admit that Markhoff reviewed documents and information provided by ADI; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of paragraph 45, and therefore deny the same; and deny any and all remaining allegations in paragraph 45.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45, and therefore deny the same.

46. With respect to the allegations in paragraph 46:

a. Caesars and Markhoff admit that Markhoff and Levin traveled to ADI's Ohio offices, reviewed documents and information, and discussed documents and information; do not respond to the legal conclusions in paragraph 46 because no response is required but, to the extent a response is required, deny the same; and otherwise deny the allegations therein.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46, and therefore deny the same.

47. With respect to the allegations in paragraph 47:

a. Caesars admits that Markhoff reviewed documents and information; denies the allegations in first sentence of paragraph 47; does not respond to the legal conclusions in

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

paragraph 47 because no response is required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 47, and therefore denies the same.

b. Markhoff admits that he reviewed documents and information; does not respond to the legal conclusions in paragraph 47 because no response is required but, to the extent a response is required, denies the same; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fourth sentence of paragraph 47, and therefore denies the same; and denies the remaining allegations in paragraph 47.

c. Via Airlines and Vizer deny the allegations in the fifth sentence of paragraph 47; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 47, and therefore deny the same.

d. IMS and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47, and therefore deny the same.

**H. The Fraudulent Offer to Purchase ADI.**

48. With respect to the allegations in paragraph 48:

a. Caesars admits that Markhoff was an employee of Caesars; admits that it was aware that Markhoff was interested in purchasing ADI on his own (or through an entity unrelated to Caesars); and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 48, and therefore denies the same.

b. Markhoff admits that he was an employee of Caesars; admits that he informed Caesars of his interest in purchasing ADI on his own (or through an entity unrelated to Caesars); admits that he communicated his personal interest to Beale; and denies all remaining allegations in paragraph 48.

c. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48, and therefore deny the same.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

49. With respect to the allegations in paragraph 49:

a. Caesars, IMS Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49, and therefore deny the same.

b. Markhoff denies the allegations in paragraph 49.

50. With respect to the allegations in paragraph 50:

a. Markhoff and IMS admit the existence of a letter of intent referred to in paragraph 50, which purports to be attached to the Complaint as Exhibit 2, and refer to that letter of intent for a complete and accurate statement of the terms and contents thereof; and deny any and all remaining allegations in paragraph 50.

b. Caesars, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50, and therefore deny the same.

51. With respect to the allegations in paragraph 51:

a. Markhoff and IMS admit the existence of a letter of intent referred to in paragraph 51, which purports to be attached to the Complaint as Exhibit 2, and refer to that letter of intent for a complete and accurate statement of the terms and contents thereof; do not respond to the legal conclusions in paragraph 51 because a response is not required but, to the extent a response is required, deny the allegations; and deny any and all remaining allegations in paragraph 51.

b. Caesars, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 51, and therefore deny the same.

**I. Defendants' Misappropriation of ADI's Trade Secrets**

***1. Mr. Markhoff misrepresents the purpose of his visit to ADI's aircraft lessor Republic Airlines.***

52. With respect to the allegations in paragraph 52:

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

a. Caesars admits that it was aware of Markhoff's interest in purchasing ADI on his own (or via an entity unrelated to Caesars); does not respond to the legal conclusions in paragraph 52 because a response is not required but, to the extent a response is required; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, second, and third sentenced in paragraph 52, and therefore denies the same; and denies any and all remaining allegations.

b. Markhoff and IMS admit that Markhoff had communications with Beale on behalf of ADI whereby Beale authorized the communication with Republic; do not respond to the legal conclusions in paragraph 52 because a response is not required but, to the extent a response is required, deny the allegations; and deny any and all remaining allegations in paragraph 52.

c. Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52, and therefore deny the same.

53. With respect to the allegations in paragraph 53:

a. Caesars, Via Airlines, Vizer, and Via Air do not respond to the legal conclusions in paragraph 53 because a response is not required but, to the extent a response is required, deny the same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53, and therefore deny the same.

b. Markhoff and IMS deny the allegations in paragraph 53.

54. With respect to the allegations in paragraph 54:

a. Caesars, Via Airlines, Vizer, and Via Air do not respond to the legal conclusions in paragraph 54 because a response is not required but, to the extent a response is required, deny the same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54, and therefore deny the same.

b. Markhoff and IMS deny the allegations in paragraph 54.

***2. Ami Vizer and the Vizer Entities.***

55. With respect to the allegations in paragraph 55:

a.    Caesars does not respond to the legal conclusions in paragraph 55 because a response is not required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55, and therefore denies the same.

b.    Via Airlines, Vizer, and Via Air do not respond to the legal conclusions in paragraph 55 because a response is not required but, to the extent a response is required, deny the same.

c.    Markhoff and IMS do not respond to the legal conclusions in paragraph 55 because a response is not required but, to the extent a response is required, deny the same; and deny the remaining the allegations in paragraph 55.

56.    With respect to the allegations in paragraph 56:

a.    Caesars, Markhoff, and IMS lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56, and therefore deny the same.

b.    Via Airlines, Via Air, and Vizer admit the allegations in paragraph 56.

57.    With respect to the allegations in paragraph 57:

a.    Caesars, Markhoff and IMS lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57, and therefore deny the same.

b.    Via Airlines, Vizer, and Via Air admit the existence of Via Air's website, refer to it for a complete and accurate statements of its contents; admit that Via Airlines has acted as a direct air carrier for Via Air, and deny the remaining allegations in paragraph 57.

58.    With respect to the allegations in paragraph 58:

a.    Caesars, Markhoff, IMS, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58, and therefore deny the same.

b.    Via Airlines and Vizer admit the allegations in paragraph 58.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

59. With respect to the allegations in paragraph 59:

a. Caesars admits that it (or its subsidiaries or divisions) has entered into an agreement with Via Airlines; admits the existence of the press release referred to in paragraph 59, refers to it for a complete and accurate statement of its contents; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 59, therefore denies the same.

b. Markhoff admits that Caesars (or its subsidiaries or divisions) has entered into an agreement with Via Airlines; admits the existence of the press release referred to in paragraph 59, refers to it for a complete and accurate statement of its contents; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 59, therefore denies the same.

c. IMS and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59, therefore deny the same.

d. Via Airlines and Vizer admit that Via Airlines operates flights to and from Nevada, admit that Vizer negotiated those contracts via telephone and email in his capacity with and on behalf of Via Airlines, including a contract with Caesars (or its subsidiaries or divisions); admits that Via Airlines entered into an agreement with Caesars (or its subsidiaries or divisions); admits the existence of the press release referred to in paragraph 59, refers to it for a complete and accurate statement of its contents; and denies any and all remaining allegations in paragraph 59.

***3. Defendants' fraudulent access to ADI's trade secrets and breach of the nondisclosure agreements.***

a. Defendants' visits to Republic.

60. With respect to the allegations in paragraph 60:

a. Caesars denies the allegation that the nondisclosure agreement it entered into with Plaintiffs has been breached; does not respond to the legal conclusions in paragraph 60 because no response is required but, to the extent a response is required, denies the same; and

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 60, and therefore denies the same.

b.      Markhoff admits that he met with representatives of Republic Holdings; does not respond to the legal conclusions in paragraph 60 because no response is required but, to the extent a response is required, denies the same; and denies all remaining allegations in paragraph 60.

c.      IMS denies the allegation that the nondisclosure agreement it entered into with Plaintiffs has been breached; does not respond to the legal conclusions in paragraph 60 because no response is required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 60, and therefore denies the same.

d.      Via Airlines, Vizer, and Via Air do not respond to the legal conclusions in paragraph 60 because no response is required but, to the extent a response is required, deny the same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 60, and therefore deny the same.

61.      With respect to the allegations in paragraph 61:

a.      Caesars denies the allegation that the nondisclosure agreement it entered into with Plaintiffs has been breached; does not respond to the legal conclusions in paragraph 61 because no response is required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 61, and therefore denies the same.

b.      Markhoff admits that he met with representatives of Republic Holdings a second time and that Vizer attended; does not respond to the legal conclusions in paragraph 61 because no response is required but, to the extent a response is required, denies the same; and denies all remaining allegations in paragraph 61.

c.      IMS denies the allegation that the nondisclosure agreement it entered into with Plaintiffs has been breached; does not respond to the legal conclusions in paragraph 61 because no response is required but, to the extent a response is required, denies the same; and

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 61, and therefore denies the same.

d. Via Airlines and Vizer admit that Vizer attended a meeting with Markhoff and representatives of Republic Holdings; do not respond to the legal conclusions in paragraph 61 because no response is required but, to the extent a response is required, deny the same; and deny all remaining allegations in paragraph 61.

e. Via Air does not respond to the legal conclusions in paragraph 61 because no response is required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61, and therefore denies the same.

b. Fraudulent access to ADI's trade secrets by the Vizer Entities' financial director**.**

62. With respect to the allegations in paragraph 62:

a. Caesars and Via Air do not respond to the legal conclusions in paragraph 62 because no response is required but, to the extent a response is required, deny the same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 62, and therefore deny the same.

b. Markhoff, IMS, Via Airlines, and Vizer do not respond to the legal conclusions in paragraph 62 because no response is required but, to the extent a response is required, deny the same; and deny all remaining allegations in paragraph 62.

63. With respect to the allegations in paragraph 63:

a. Caesars, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63, and therefore deny the same.

b. Markhoff and IMS deny the allegations in paragraph 63.

64. With respect to the allegations in paragraph 64:

a. Caesars lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64, and therefore denies the same.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

b.      Markhoff, IMS, Via Airlines, Vizer, and Via Air admit that Marina Morgan is the financial director of Via Air; and deny all remaining allegations in paragraph 64.

65.    With respect to the allegations in paragraph 65:

a.      Caesars, Via Airlines, Vizer, and Via Air do not respond to the legal conclusions in paragraph 65 because no response is required but, to the extent a response is required, deny the same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 65, and therefore deny the same.

b.      Markhoff and IMS lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 65 that relate to Plaintiffs' thoughts or feelings, and therefore deny the same; do not respond to the legal conclusions in paragraph 65 because no response is required but, to the extent a response is required, deny the same; and deny any and all remaining allegations in paragraph 65.

66.    Defendants do not respond to the legal conclusions in paragraph 66 because no response is required but, to the extent a response is required, deny the same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 66, and therefore denies the same.

67.    With respect to the allegations in paragraph 67:

a.      Caesars denies the allegation that the nondisclosure agreement it entered into with Plaintiffs has been breached; does not respond to the legal conclusions in paragraph 67 because no response is required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 67, and therefore denies the same.

b.      Markhoff, Via Airlines, Vizer, and Via Air do not respond to the legal conclusions in paragraph 67 because no response is required but, to the extent a response is required, deny the same; and deny the remaining allegations in paragraph 67.

c.      IMS denies the allegation that the nondisclosure agreement it entered into with Plaintiffs has been breached; does not respond to the legal conclusions in paragraph 67 because no response is required but, to the extent a response is required, denies the same; and

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 67, and therefore denies the same.

c. Caesars' pretextual termination of negotiations with ADI**.**

68. With respect to the allegations in paragraph 68:

a. Caesars lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 68, and therefore denies the same; admits that Markhoff communicated with ADI regarding termination of the negotiations with ADI, and refers to the written communications for a complete and accurate description of its contents; and denies any and all remaining allegations in paragraph 68.

b. Markhoff admits that he communicated with ADI regarding termination of his interest to purchase ADI (through IMS); admits that he communicated with ADI regarding termination of Caesars' negotiations with ADI regarding charter services, and refers to the written communications for a complete and accurate description of the contents thereof; and denies any and all remaining allegations in paragraph 68.

c. IMS admits that Markhoff communicated with ADI regarding termination of Markhoff's interest in purchasing ADI (through IMS), and refers to the written communications for a complete and accurate description of its contents; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 68, and therefore denies the same; and denies any and all remaining allegations in paragraph 68.

d. Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68, and therefore deny the same.

***4. Defendants' further acts of misappropriation*.**

69. With respect to the allegations in paragraph 69:

a. Caesars, IMS, Via Airlines, and Via Air deny all allegations in paragraph 69 related to their respective purported intents, and lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 69, thus deny the same.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

b. Markhoff and Vizer deny all allegations in paragraph 69.

70. With respect to the allegations in paragraph 70:

a. Caesars and Markhoff lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 70, thus deny the same; admit that Caesars was aware of Markhoff's interest in purchasing ADI on his own (or via an entity unrelated to Caesars); and deny all remaining allegations in paragraph 70.

b. IMS, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 70, thus denies the same.

71. With respect to the allegations in paragraph 71:

a. Caesars, IMS, Vizer, and Via Air lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71, thus deny the same.

b. Markoff and Via Airlines admit the first sentence of paragraph 71, and deny all remaining allegations therein.

72. With respect to the allegations in paragraph 72:

a. Caesars denies the allegation that the nondisclosure agreement it entered into with Plaintiffs has been breached; does not respond to the legal conclusions in paragraph 72 because no response is required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 72, and therefore denies the same.

b. IMS denies the allegation that the nondisclosure agreement it entered into with Plaintiffs has been breached; does not respond to the legal conclusions in paragraph 72 because no response is required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 72, and therefore denies the same.

c. Markhoff does not respond to the legal conclusions in paragraph 72 because no response is required but, to the extent a response is required, denies the same. Markhoff denies all remaining allegations in paragraph 72.

d. Via Airlines, Vizer, and Via Air lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72, thus deny the same.

73. With respect to the allegations in paragraph 73:

a. Caesars does not respond to the legal conclusions in paragraph 73 because no response is required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 73, and therefore denies the same.

b. Markhoff and IMS do not respond to the legal conclusions in paragraph 73 because no response is required but, to the extent a response is required, deny the same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 73, and therefore deny the same.

c. Via Airlines, Vizer, and Via Air lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 73, thus deny the same.

74. With respect to the allegations in paragraph 74:

a. Caesars, IMS, and Via Air do not respond to the legal conclusions in paragraph 74 because no response is required but, to the extent a response is required, deny the same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 74, and therefore deny the same.

b. Markhoff, Vizer, and Via Airlines admit that Ms. Pavlak called sometime during the February meeting; do not respond to the legal conclusions in paragraph 74 because no response is required but, to the extent a response is required, deny the same; and deny all remaining allegations in paragraph 74.

75. With respect to the allegations in paragraph 75:

a. Caesars, IMS, and Via Air do not respond to the legal conclusions in paragraph 75 because no response is required but, to the extent a response is required, deny the

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 75, and therefore deny the same.

b. Markhoff, Vizer, and Via Airlines admit that Markhoff and Pavlak met in February 2015; admit that subsequently Via Airlines and PASS subsequently entered into an agreement; do not respond to the legal conclusions in paragraph 75 because no response is required but, to the extent a response is required, denies the same; and deny all remaining allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76 that Plaintiffs have been damaged by any acts of or attributed to them; do not respond to the legal conclusions in paragraph 76 because no response is required but, to the extent a response is required, deny the same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 76, and therefore deny the same.

77. With respect to the allegations in paragraph 77:

a. Caesars, IMS, and Via Air do not respond to the legal conclusions in paragraph 77 because no response is required but, to the extent a response is required, deny the same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 77, and therefore deny the same.

b. Markhoff, Vizer, and Via Air admit that Via Airlines certified an Embraer 145 of Federal Aviation Regulations, Part 135, operations, and flew to demonstrate its capabilities to certain colleges within the National Collegiate Athletic Association; do not respond to the legal conclusions in paragraph 77 because no response is required but, to the extent a response is required, deny the same; and deny the allegations in paragraph 77 that relate to its intent, misappropriation, or attempt to steal, and any and all remaining allegations therein.

78. With respect to the allegations in paragraph 78:

a. Caesars denies the allegation that the nondisclosure agreement it entered into with Plaintiffs has been breached; does not respond to the legal conclusions in paragraph 78 because no response is required but, to the extent a response is required, denies the same; and

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 78, and therefore denies the same.

b. IMS denies the allegation that the nondisclosure agreement it entered into with Plaintiffs has been breached; does not respond to the legal conclusions in paragraph 78 because no response is required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 78, and therefore denies the same.

c. Markhoff admits that he communicated with Cymus; does not respond to the legal conclusions in paragraph 78 because no response is required but, to the extent a response is required, denies the same; and denies all remaining allegations in paragraph 78.

d. Via Airlines, Vizer, and Via Air do not respond to the legal conclusions in paragraph 78 because no response is required but, to the extent a response is required, deny the same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 78, and therefore deny the same.

79. With respect to the allegations in paragraph 79:

a. Caesars denies the allegation that the nondisclosure agreement it entered into with Plaintiffs has been breached; does not respond to the legal conclusions in paragraph 79 because no response is required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 79, and therefore denies the same.

b. IMS denies the allegation that the nondisclosure agreement it entered into with Plaintiffs has been breached; does not respond to the legal conclusions in paragraph 79 because no response is required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 79, and therefore denies the same.

c. Markhoff admits that he communicated with Embraer; does not respond to the legal conclusions in paragraph 79 because no response is required but, to the extent a response is required, denies the same; and denies all remaining allegations in paragraph 79.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

d. Via Airlines, Vizer, and Via Air do not respond to the legal conclusions in paragraph 79 because no response is required but, to the extent a response is required, deny the same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 79, and therefore deny the same.

80. With respect to the allegations in paragraph 80:

a. Caesars denies the allegation that the nondisclosure agreement it entered into with Plaintiffs has been breached; does not respond to the legal conclusions in paragraph 80 because no response is required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 80, and therefore denies the same.

b. IMS denies the allegation that the nondisclosure agreement it entered into with Plaintiffs has been breached; does not respond to the legal conclusions in paragraph 80 because no response is required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 80, and therefore denies the same.

c. Markhoff admits that he communicated with Embraer; does not respond to the legal conclusions in paragraph 80 because no response is required but, to the extent a response is required, denies the same; and denies all remaining allegations in paragraph 80.

d. Via Airlines, Vizer, and Via Air do not respond to the legal conclusions in paragraph 80 because no response is required but, to the extent a response is required, deny the same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 80, and therefore deny the same.

**J. Defendants Complete the Misappropriation of ADI's Trade Secrets and Caesars Awards the Charter Agreement to Charter Airlines.**

81. With respect to the allegations in paragraph 81:

a. Caesars, Markhoff, Via Airlines, and Vizer admit the existence of the press release referred to in paragraph 81, and refer to it for a complete and accurate statement of its contents.

b. IMS and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81, and therefore deny the same.

82. With respect to the allegations in paragraph 82:

a. Caesars and Via Air do not respond to the legal conclusions in paragraph 82 because no response is required but, to the extent a response is required, deny the same; and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 80, and therefore deny the same.

b. Markhoff, IMS, Via Airlines, and Vizer deny allegations in paragraph 82.

83. With respect to the allegations in paragraph 83:

a. Caesars, Markhoff, IMS, Via Airlines and Vizer do not respond to the legal conclusions in paragraph 83 because no response is required but, to the extent a response is required, deny the same; and denies all remaining allegations in paragraph 83.

b. Via Air does not respond to the legal conclusions in paragraph 83 because no response is required but, to the extent a response is required, denies the same; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 83, and therefore denies the same.

**FIRST CLAIM**

**MISAPPROPRIATION OF TRADE SECRETS**

**(Against All Defendants)**

84. Defendants repeat and reallege each and every response to paragraphs 1 through 83 above as if set forth fully herein.

85. Defendants deny each and every factual allegation in paragraph 85. To the extent Defendants allegations are legal conclusions, no responsive pleading is required but, to the extent any response is required, Defendants deny the allegations.

86. Defendants deny each and every allegation in paragraph 86.

87. Defendants deny each and every allegation in paragraph 87.

88. Defendants deny each and every allegation in paragraph 88.

89. Defendants deny each and every allegation in paragraph 89.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

90. Defendants deny each and every allegation in paragraph 90.

91. Defendants deny each and every allegation in paragraph 91.

92. Defendants deny each and every allegation in paragraph 92.

**SECOND CLAIM**

**BREACH OF CONTRACT**

**(Against Defendants Caesars and Markhoff)**

93. Defendants repeat and reallege each and every response to paragraphs 1 through 92 above as if set forth fully herein.

94. Caesars and Markhoff admit the existence of the nondisclosure agreement, and refer to that agreement for a complete and accurate statement of the terms thereof. Caesars and Markhoff state that the remaining allegations in paragraph 94 are legal conclusions to which no responsive pleading is required. To the extent a response is required, Caesars and Markhoff deny the allegations in paragraph 94. Inasmuch as the second cause of action is not directed toward IMS, Via Airlines, Vizer, or Via Air, no responsive pleading is required. To the extent a response is required, IMS, Via Airlines, Vizer, or Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 94, and therefore deny the same.

95. Caesars and Markhoff admit the existence of the nondisclosure agreement, and refer to that agreement for a complete and accurate statement of the terms thereof. Caesars and Markhoff state that the remaining allegations in paragraph 95 are legal conclusions to which no responsive pleading is required. To the extent a response is required, Caesars and Markhoff deny the allegations in paragraph 95. Inasmuch as the second cause of action is not directed toward IMS, Via Airlines, Vizer, or Via Air, no responsive pleading is required. To the extent a response is required, IMS, Via Airlines, Vizer, or Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 95, and therefore deny the same.

96. Caesars and Markhoff deny each and every allegation in paragraph 96. Inasmuch as the second cause of action is not directed toward IMS, Via Airlines, Vizer, or Via Air, no responsive pleading is required. To the extent a response is required, IMS, Via Airlines, Vizer, or

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 96, and therefore deny the same.

97. Caesars and Markhoff deny each and every allegation in paragraph 97. Inasmuch as the second cause of action is not directed toward IMS, Via Airlines, Vizer, or Via Air, no responsive pleading is required. To the extent a response is required, IMS, Via Airlines, Vizer, or Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 97, and therefore deny the same.

98. Caesars and Markhoff deny each and every allegation in paragraph 98. Inasmuch as the second cause of action is not directed toward IMS, Via Airlines, Vizer, or Via Air, no responsive pleading is required. To the extent a response is required, IMS, Via Airlines, Vizer, or Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 98, and therefore deny the same.

**THIRD CLAIM**

**BREACH OF CONTRACT**

**(Against Defendants IMS and Markhoff)**

99. Defendants repeat and reallege each and every response to paragraphs 1 through 98 above as if set forth fully herein.

100. IMS and Markhoff admit the existence of the nondisclosure agreement, and refer to that agreement for a complete and accurate statement of the terms thereof. IMS and Markhoff state that the remaining allegations in paragraph 100 are legal conclusions to which no responsive pleading is required. To the extent a response is required, IMS and Markhoff deny the allegations in paragraph 100. Inasmuch as the third cause of action is not directed toward Caesars, Via Airlines, Vizer, or Via Air, no responsive pleading is required. To the extent a response is required, Caesars, Via Airlines, Vizer, or Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 100, and therefore deny the same.

101. IMS and Markhoff admit the existence of the nondisclosure agreement, and refer to that agreement for a complete and accurate statement of the terms thereof. IMS and Markhoff

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

state that the remaining allegations in paragraph 101 are legal conclusions to which no responsive pleading is required. To the extent a response is required, IMS and Markhoff deny the allegations in paragraph 101. Inasmuch as the third cause of action is not directed toward Caesars, Via Airlines, Vizer, or Via Air, no responsive pleading is required. To the extent a response is required, Caesars, Via Airlines, Vizer, or Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 101, and therefore deny the same.

102. IMS and Markhoff deny each and every allegation in paragraph 102. Inasmuch as the third cause of action is not directed toward Caesars, Via Airlines, Vizer, or Via Air, no responsive pleading is required. To the extent a response is required, Caesars, Via Airlines, Vizer, or Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 102, and therefore deny the same.

103. IMS and Markhoff deny each and every allegation in paragraph 103. Inasmuch as the third cause of action is not directed toward Caesars, Via Airlines, Vizer, or Via Air, no responsive pleading is required. To the extent a response is required, Caesars, Via Airlines, Vizer, or Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 103, and therefore deny the same.

**FOURTH CLAIM**

**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**(Against All Defendants Except Via Airlines, Via Air and Vizer)**

104. Defendants repeat and reallege each and every response to paragraphs 1 through 103 above as if set forth fully herein.

105. Caesars, Markhoff, and IMS state that the allegation in paragraph 105 is a legal conclusion to which no responsive pleading is required. Inasmuch as the fourth cause of action is not directed toward Via Airlines, Vizer, and Via Air, no responsive pleading is required. To the extent a response is required, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 105, and therefore deny the same.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

106.     Caesars, Markhoff, and IMS make no responsive pleading to the legal conclusions contained in paragraph 106 because none is required, and otherwise deny the allegations in paragraph 106.  Inasmuch as the fourth cause of action is not directed toward Via Airlines, Vizer, and Via Air, no responsive pleading is required.   To the extent a response is required, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 106, and therefore deny the same.

107.     Caesars, Markhoff, and IMS make no responsive pleading to the legal conclusions contained in paragraph 107 because none is required, and otherwise deny the allegations in paragraph 107.  Inasmuch as the fourth cause of action is not directed toward Via Airlines, Vizer, and Via Air, no responsive pleading is required.   To the extent a response is required, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 107, and therefore deny the same.

108.     Caesars, Markhoff, and IMS make no responsive pleading to the legal conclusions contained in paragraph 108 because none is required, and otherwise deny the allegations in paragraph 108.  Inasmuch as the fourth cause of action is not directed toward Via Airlines, Vizer, and Via Air, no responsive pleading is required.   To the extent a response is required, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 108, and therefore deny the same.

109.     Caesars, Markhoff, and IMS deny each and every allegation in paragraph 109. Inasmuch as the fourth cause of action is not directed toward Via Airlines, Vizer, and Via Air, no responsive pleading is required.  To the extent a response is required, Via Airlines, Vizer, and Via Air lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 109, and therefore deny the same.

## AFFIRMATIVE DEFENSES

110.     Defendants assert the following affirmative defenses and reserve the right to assert other defenses and claims, including, without limitation, counterclaims, crossclaims, and third-party claims, as and when appropriate and/or available in this or any other action.   The

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

statement of any defense herein does not assume the burden of proof for any issue as to which applicable law otherwise places the burden of proof on Plaintiffs.

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by their own conduct, including their failure to mitigate damages.

**Third Affirmative Defense**

Plaintiffs have sustained no legally cognizable damage.

**Fourth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, acquiescence, unclean hands, unjust enrichment and/or ratification, as well as other applicable equitable doctrines.

**Fifth Affirmative Defense**

Plaintiffs' damages or harm, if any, were not caused by any conduct of Defendants.

**Sixth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because Defendants at all times acted in good faith and did not directly or indirectly induce any act or acts constituting a cause of action arising under any law.

**Seventh Affirmative Defense**

Plaintiffs' purported damages, if any, are barred, in whole or in part, because they are speculative in nature and/or not otherwise recoverable under the law.

**Eighth Affirmative Defense**

Plaintiffs' claims against Via Airlines and/or Vizer are barred because and to the extent that this Court lacks personal jurisdiction to resolve certain matters and claims alleged therein.

**Ninth Affirmative Defense**

Plaintiffs' claims are barred because and to the extent that this Court lacks subject matter jurisdiction to resolve certain matters and claims alleged therein.

Defendants reserve the right to (a) rely upon such other affirmative defenses as may be supported by the facts to be determined through full and complete discovery, and (b) voluntarily withdraw any affirmative defense.

WHEREFORE, having fully answered the Complaint, Defendants respectfully demand judgment in their favor as follows:

1. That the Complaint be dismissed with prejudice, with Plaintiffs taking nothing thereby;

2. That Defendants be awarded their costs incurred herein;

3. That Defendants be awarded their reasonable attorneys' fees incurred herein; and

4. That Defendants be awarded such other and further relief as the Court deems just and proper.

DATED this 26th day of August, 2015.

PISANELLI BICE PLLC

By: /s/ James J. Pisanelli
James J. Pisanelli, Esq., Bar No. 4027
Debra L. Spinelli, Esq., Bar No. 9695
M. Magali Calderon, Esq., Bar No. 11742
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Defendants*
.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of PISANELLI BICE PLLC, and that on this 26th day of August, 2015, I caused to be served through the Court's E-filing system true and correct copies of the above **ANSWER TO COMPLAINT** to the following:

Anthony W. Austin, Esq.
FENNEMORE CRAIG, P.C.
300 South Fourth Street, Suite 1400
Las Vegas, NV 89101

C. Dana Hobart, Esq.
Joseph M. Wahl, Esq.
HOBART LINZER LLP
777 South Figueroa Street, Suite 4000
Los Angeles, CA 90017

/s/ Kimberly Peets
An employee of PISANELLI BICE PLLC

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101