# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AERODYNAMICS INCORPORATED, a Michigan corporation; ADI HOLDINGS COMPANY, INC., a Georgia corporation,<br><br>Plaintiffs<br><br>v.<br><br>CAESARS ENTERTAINMENT OPERATING COMPANY, INC., a Delaware corporation; STEVEN MARKHOFF, an individual; INTERNATIONAL MANAGEMENT SOLUTIONS, LLC, a Delaware corporation; VIA AIRLINES, INC., a Colorado corporation; VIA AIR, LLC, a Delaware corporation; and AMOS VIZER, an individual,<br><br>Defendants | 2:15-cv-01344-JAD-PAL<br><br>**Order Granting Defendants' Motion to Seal Exhibit 1 to the Declaration of Steven Markhoff [ECF 58] and Plaintiffs' Motion to Seal their Reply [ECF 66]** |

Defendants move to seal Exhibit 1 to the declaration of Steven Markhoff[1] and the portions of his declaration[2] and defendants' response[3] to the motion for preliminary injunction discussing that exhibit, arguing that the document contains confidential and non-public sensitive information of Via Airlines.[4] ADI does not oppose the motion and, in fact, moves to seal its reply (ECF 60) and refile that document after redacting the portion that discusses Exhibit 1.[5] I find compelling reasons to seal Exhibit 1 to Markhoff's declaration and thus grant both motions.

---

[1] ECF 54-1; ECF 57-1 (sealed).

[2] ECF 54 at 7 ¶¶ 53–54; ECF 57 at 7 ¶¶ 53–54 (sealed).

[3] ECF 53 at 11:05 & n. 9; ECF 56 at 11:05 & n. 9 (sealed).

[4] ECF 58.

[5] ECF 66.

1

"The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[6] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[7] "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[8] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[9]

"To seal the records, the district court must articulate a factual basis for each compelling reason to seal[,] [which] must continue to exist to keep judicial records sealed."[10] The Ninth Circuit has, however, "'carved out an exception to the presumption of access' to judicial records" that is "'expressly limited to' judicial records 'filed under seal when attached to a *non-dispositive motion.*'"[11] "Under the exception, 'the usual presumption of the public's right is rebutted[,]'" so "a particularized showing of 'good cause' under [FRCP] 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."[12] Defendants move under the higher "compelling reasons" standard.[13] I find this standard applies in this

---

[6] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commcns., Inc.*, 435 U.S. 589, 597 (1978)).

[7] *Id.* at 1119 (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[8] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[9] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[10] *Id.* (citing *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1136).

[11] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[12] *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Foltz*, 331 F.3d at 1135, 1138).

[13] ECF 58 at 2:5–8.

context—the motion is dispositive because it addresses the merits of the action and seeks injunctive relief before trial.[14]

I reviewed the sealed Exhibit 1 in camera and conclude that there are compelling reasons to seal that exhibit in its entirety.  Exhibit 1 is a letter containing information pertaining to Via Airlines' effort to obtain an FAA 121 certification.  I am satisfied that releasing the information contained in the letter could be valuable to other potential air carriers (competitors of Via Airlines), and that preventing potential damage to Via Airlines' business interests constitutes a compelling reason to seal this information.  I am also satisfied that the letter contains confidential business information of a non-party, and that preventing damage to the business interests of that non-party is another compelling reason to seal this information.

Accordingly, IT IS HEREBY ORDERED that defendants' motion to seal Exhibit 1 to ECF 54 **[ECF 58] is GRANTED.**  Exhibit 1 to ECF 54, and the portions of Markhoff's declaration (ECF 54 at 7 ¶¶ 53–54) and defendants' response (ECF 53 at 11:05 & n. 9) discussing that exhibit, are sealed.

IT IS FURTHER ORDERED that ADI's motion to seal its reply at ECF 60 **[ECF 66] is GRANTED.**  ADI's reply at ECF 60 is sealed.  ADI is instructed to re-file its reply with the portion that discusses Exhibit 1 to ECF 54 (ECF 60 at 13 n. 12) redacted.

Dated this 23rd day of October, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[14]  *C.f.* 28 U.S.C. 636(b)(1)(A) (listing "a motion for injunctive relief" among the categories of non-dispositive motions district judges cannot designate a magistrate judge to hear and determine).

3