UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AERODYNAMICS INCORPORATED, a Michigan corporation; ADI HOLDINGS COMPANY, INC., a Georgia corporation,<br><br>Plaintiffs<br><br>v.<br><br>CAESARS ENTERTAINMENT OPERATING COMPANY, INC., a Delaware corporation; STEVEN MARKHOFF, an individual; INTERNATIONAL MANAGEMENT SOLUTIONS, LLC, a Delaware corporation; VIA AIRLINES, INC., a Colorado corporation; VIA AIR, LLC, a Delaware corporation; and AMOS VIZER, an individual,<br><br>Defendants | 2:15-cv-01344-JAD-PAL<br><br>**Order Granting Motion for Leave to File Sur-reply [ECF 72] and Granting Limited Preliminary Injunction [ECF 23]** |

ADI moved for a temporary restraining order and a preliminary injunction enjoining the defendants from acquiring, using, or disclosing any of ADI's trade-secret information.[1] After considering the parties' briefs and evidence, I granted a narrowly tailored temporary injunction on ADI's claims for breach of contract and misappropriation of trade secrets, and I set a briefing schedule and hearing on the preliminary injunction portion of ADI's motion.[2] Once briefing on the preliminary injunction portion of ADI's motion was complete, the parties twice stipulated to continue the preliminary injunction hearing[3] (which was ultimately held on November 16, 2015) and to extend the TRO until then.

ADI asks me to extend the temporary restraining order into a preliminary injunction order pending trial and expand the order's scope to include Caesars as an enjoined party and cover

---

[1] ECF 23.

[2] ECF 49, 49-1.

[3] ECF 67, 71.

1  three additional ADI documents:  Powerpoint PKG Proposal, Charter Agreement with Joe Gibbs
2  Racing, and Caesars Master Air Contract Summary.[4]  ADI also moved for leave to file a sur-
3  reply.[5]  Defendants oppose both of ADI's motions.[6]

**Discussion**

In evaluating ADI's motion for preliminary injunction, I reviewed and considered the arguments and evidence that the parties submitted in conjunction with ADI's motion for leave to file a sur-reply.  I thus grant ADI's motion for leave to file a sur-reply.[7]

In order to obtain the extraordinary equitable remedy of preliminary injunctive relief, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tops in his favor, and that an injunction is in the public interest."[8]  Having reviewed the parties' briefs and supporting declarations and exhibits, I find that, for the same reasons articulated in my order granting limited temporary injunctive relief,[9] ADI has met the standard for a narrowly tailored preliminary injunction on its claims for breach of contract and misappropriation of trade secrets. I incorporate those findings and conclusions, along with my statements on the record at the November 16, 2015, hearing, as further bases for granting this narrowly tailored preliminary injunction.

Defendants' additional arguments and evidence have not persuaded me to depart from my original findings that ADI has shown that: (1) it is likely to succeed on the merits of its breach of contract and misappropriation claims; (2) it is likely to suffer irreparable harm in the absence of injunctive relief, (3) with a narrowly tailored order, the balance of equities tips in ADI's favor;

---

[4] ECF 60.

[5] ECF 72.

[6] ECF 53, 75.

[7] ECF 72.

[8] *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[9] ECF 49, 49-1.

and (4) there is no critical public interest that would be injured by a narrowly tailored order. ADI's additional arguments and evidence likewise have not swayed me to expand the scope of injunctive relief to include Caesars as an enjoined party or ADI's Powerpoint PKG Proposal, Charter Agreement with Joe Gibbs Racing, and Caesars Master Air Contract Summary documents.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that ADI's motion for leave to file a sur-reply **[ECF 72] is GRANTED.**

IT IS FURTHER ORDERED that ADI's motion for a preliminary injunction **[ECF 23] is GRANTED in part and DENIED in part.** Until further order of this court, Markhoff, Vizer, IMS, Via Air, and Via Airlines are enjoined from acquiring, disclosing, or using any portion of ADI's: (1) FAA-approved manuals; (2) STM Master Charter Agreement; (3) Accounts Receivable Report as of March 31, 2015; (4) information that ADI inserted into or submitted with the ADI Cost Template for Caesars Operations Actual Budget October 14th 2014, including the Crew Compensation Memorandum; (5) aircraft-lease agreements between ADI and aircraft lessor Republic; (6) aircraft-lease agreements between ADI and aircraft lessor Cymus; (7) and pool parts agreement between ADI and aircraft manufacturer and parts vendor Embraer. In all other respects, the request for a preliminary injunction is denied.

The previously posted bond [ECF 51] shall remain in place to secure this injunction.

Dated this 17th day of November, 2015.

_____
Jennifer A. Dorsey
United States District Judge