UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AERODYNAMICS INCORPORATED, et al., | Case No. 2:15-cv-01344-JAD-PAL |
| Plaintiffs, | ORDER |
| v. | |
| CAESARS ENTERTAINMENT OPERATING COMPANY, INC., et al., | |
| Defendants. | |

At a hearing held November 10, 2015, on the parties' proposed Stipulated Discovery Plan and Scheduling Order (Dkt. #59), the court approved the parties' proposed plan which requested special scheduling review. However, the parties were advised that any request for an extension of the deadlines would be scrutinized for a strong showing of good cause and due diligence, that is, that the parties could not complete discovery within the extended time allowed despite the exercise of due diligence.

The court also addressed the parties' efforts to negotiate a protective order governing confidentiality of documents produced in discovery in this case. The parties were in agreement about the majority of the terms of a proposed protective order, but disagreed on a number of terms. The court directed the parties to jointly submit a statement outlining the areas of disagreement and to attach their respective proposed form of stipulated protective order to the joint statement. The parties filed their Joint Statement (Dkt. #74) November 13, 2015. Plaintiffs' proposed protective order is attached as Exhibit A to the joint statement, and Defendants' proposed protective order is attached as Exhibit B. Having reviewed and considered the parties' competing proposals, their disputes are resolved as described below.

/ / /

### 1. ¶8(f) – Witnesses Authorized to Receive Confidential Information

The parties agree that witnesses at a deposition should agree to be bound by the protective order. Defendants propose that witnesses be required to execute an acknowledgement and agreement to be bound. The acknowledgement and agreement would be attached to the protective order as Exhibit A. The acknowledgement contains standard language that the person agrees to be bound by all of the terms of the stipulated confidentiality agreement and protective order, and understands and acknowledges that failure to comply could expose the witness to sanctions and punishment in the nature of contempt. It would also require the witnesses to consent to the jurisdiction of this court.

Plaintiffs oppose requiring witnesses, especially lay witnesses with little or no legal experience, to read and acknowledge understanding and agreement to the terms of a lengthy legal document. Plaintiffs argue that requiring lay witnesses to submit to the jurisdiction of the court will be oppressive, intimidating and confusing. Plaintiffs propose instead that a witness acknowledge and agree under oath and on the record at the deposition that he or she will keep the information confidential. Defendants counter that requiring the deponent to sign the acknowledgement will ensure compliance and that an oral vague acknowledgement on the record may lead to confusion regarding exactly what the deponent is agreeing to be bound to. Alternatively, the parties would have to engage in the time consuming and cumbersome process of reading the entire agreement to the witness at the deposition. If a deponent refuses to sign the form, the confidential information will remain protected because the parties will not be permitted to show the confidential information to the deponent.

The court agrees that requiring a lay witness to read and acknowledge understanding and agreeing to be bound by the terms of a 15-page confidentiality agreement and proposed protective order drafted by lawyers is unreasonable. It is also not reasonable to require a non-party lay witness to agree to submit to the jurisdiction of this court merely because he or she has discoverable information. Finally, many of the terms of the proposed protective order apply to the parties producing or receiving discoverable information and have no application to witnesses. In short, the court adopts the Plaintiffs' position with respect to ¶8(f).

**2. Protection for Non-Parties**

Both sides agree that non-parties who produce confidential documents should be afforded the same protection under the protective order as the parties. Plaintiffs believe that ¶1 which defines "Producing Parties" and "Disclosing Parties" makes it plain both parties and non-parties are covered by and bound by the stipulated protective order. Defendants proposed a separate paragraph that provides notice to non-parties and spells out that by executing the acknowledgement and agreement to be bound, non-parties receive the same protection as parties through the protective order.

The court adopts Defendants' position and agrees that a separate paragraph pertaining to non-parties is desirable. Non-parties with discoverable information may or may not be represented by counsel and may or may not understand that they are afforded protection under a protective order as a producing party. Additionally, by executing the acknowledgement agreement to be bound, the procedures for designating documents as confidential are outlined.

**3. Filing Documents Under Seal**

Both sides agree that information designated "Confidential" or "Highly Confidential" should be filed under seal with motions or in proceedings in court. Plaintiffs' proposal would allow filing documents marked "Confidential" or "Highly Confidential" under seal without requiring a motion to seal. Plaintiffs' proposal would not require a decision by the court unless the parties disagreed whether documents should be filed under seal. Plaintiffs argue that LR 10-5 does not require a motion to seal when the court has already approved a protective order.

Defendants propose language which they claim complies with LR 10-5 which requires that papers filed with the court under seal must be accompanied by a motion for leave to file documents under seal. Defendants' proposal acknowledges that there is a stipulated protective order in place.

The court adopts Defendants' position which is consistent with LR 10-5. Plaintiffs are wrong that LR 10-5 permits documents to be filed under seal because the court has approved this type of blanket protective order to facilitate the parties' discovery exchanges. A party seeking to file a confidential document under seal must file a motion to seal and must comply with the

3

Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. The electronic record constitutes the official record of the court. Attorneys must file documents under seal using the court's electronic filing procedures. *See* LR 10-5(b). That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana*, 447 F.3d at 1179. Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180.

### 4. **Specification of Non-Disclosure Agreements**

Plaintiffs' proposed ¶14(a) and Defendants' proposed ¶15(a) address information which is not confidential. Both sides agree that information and materials that were lawfully in the receiving party's possession prior to being designated as "Confidential" or "Highly Confidential" that a receiving party is not otherwise obligated to treat as confidential, is not confidential. However, Plaintiffs request an additional phrase to include information Plaintiffs disclosed to Defendants under either the Non-Disclosure Agreement between Caesars and ADI dated October 2, 2014, or the IMS Letter of Intent dated February 7, 2015 should be treated as confidential. Plaintiffs argue that the crux of this lawsuit is Defendants' improper use and disclosure of ADI's

1 trade secret or confidential information, and it is therefore reasonable to clarify that these documents remain protected.

Defendants oppose an additional phrase added to the paragraph that states "including by virtue of the Non-Disclosure Agreement between Caesars and ADI dated October 2, 2014, or the IMS Letter of Intent dated February 7, 2015." Defendants argue that one of their defenses in this case is that some of the information provided by Plaintiffs under one or both agreements was not confidential. This is one of the issues the court will ultimately have to determine. Therefore, adopting Plaintiffs' proposed language would essentially require Defendants to mark as confidential documents and items which they do not believe are confidential.

The court adopts the Plaintiff's position. The district judge has entered an Order (Dkt. #49) granting a limited temporary restraining order finding that ADI met the standard for narrowly tailored temporary injunction on its claims for breach of contract and misappropriation of trade secrets. She found that ADI's claims centered around two agreements, the Non-Disclosure Agreement entered into October 2014, and the Letter of Intent entered into between ADI and IMS in February 2015. She found that ADI had established the likelihood of success on the merits, breach of the parties' agreement, and damages. Including the clarifying language as Plaintiffs propose will not constitute an admission that the documents are actually confidential or preclude the Defendants from asserting their defenses that some of the information provided by Plaintiffs under one or both agreements was not actually confidential.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. Counsel for Plaintiffs shall submit a Stipulated Confidentiality Agreement and Proposed Protective Order consistent with this order.

2. The parties shall comply with the Ninth Circuit's direction in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). In addition to *Kamakana*, the parties are required to follow the proper CM/ECF procedures for any requests to file documents under seal. Special Order 109 requires the Clerk of the Court to maintain in electronic form the official files for all cases filed on or after November 7, 2005. The electronic record constitutes the

official record of the court. Pursuant to LR 10-5 of the Local Rules of Practice, attorneys must file documents under seal using the court's electronic filing procedures:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

To streamline the process of sealing or unsealing documents as may be necessary, the parties are instructed to electronically file the documents they want sealed as separate attachments from the main document in CM/ECF. When portions of a filing may be sealed, litigants must not combine their motion, memorandum of points and authorities, declaration, and/or exhibits into one PDF document and then file that single PDF as the "main document" in CM/ECF's document upload screen. This practice makes it impossible for the Clerk of the Court to unseal documents the court finds should not be sealed because the docketing clerks cannot separate the pages for sealing purposes. Instead, litigants should save *each* exhibit they want sealed as a separate PDF document and then file each PDF in CM/ECF's document upload screen as "attachments" to a main document. The court's review of any motion requesting leave to file under seal will be complicated by the parties' failure to properly file their exhibits through CM/ECF.

The shortcut of filing only one PDF inevitably causes additional work for the court, the clerk's office, and litigants. Should leave to file under seal be granted for some but not all documents, the court must then order litigants to refile the unsealed documents, rather than simply instructing the clerk's office to unseal the documents the court has found should not remain sealed. Counsel are responsible for instructing their staff regarding the correct procedures for filing documents under seal. For additional direction, the parties may refer to the

/ / /

/ / /

6

updated procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is available on the Court's website, or contact the CM/ECF Helpdesk at (702) 464-5555.

DATED this 3rd day of December, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE