**HOBART LINZER LLP**
C. Dana Hobart, Esq. (CA Bar No. 125139) *(Admitted Pro Hac Vice)*
Mary H. Chu, Esq. (CA Bar No. 156459) *(Admitted Pro Hac Vice)*
777 S. Figueroa St., Ste. 4000
Los Angeles, CA 90017
Telephone:  (213) 225-8900
Facsimile: (213) 225-8929
Email:  dhobart@hobartlinzer.com
          mchu@hobartlinzer.com

**FENNEMORE CRAIG, P.C.**
Christopher H. Byrd, Esq. (NV Bar No. 1633)
Anthony W. Austin, Esq. (NV Bar No. 10850)
300 S. Fourth Street, Ste. 1400
Las Vegas, NV 89101
Telephone:  (602) 916-5343
Facsimile:  (602) 916-5543
Email: cbyrd@fclaw.com
          aaustin@fclaw.com

*Attorneys for Aerodynamics Incorporated
and ADI Holdings Company, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| AERODYNAMICS INCORPORATED, a Michigan corporation; ADI HOLDINGS COMPANY INC., a Georgia corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CAESARS ENTERTAINMENT OPERATING COMPANY, INC., a Delaware corporation; STEVEN MARKHOFF, an individual; INTERNATIONAL MANAGEMENT SOLUTIONS LLC, a Delaware corporation; VIA AIRLINES, INC., a Colorado corporation; VIA AIR, LLC, a Delaware corporation; and AMOS VIZER, an individual,<br><br>Defendants. | Case No. 2:15-cv-1344-JAD-PAL<br><br>**STIPULATED AMENDED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER; [PROPOSED] ORDER THEREON** |

1       COME NOW, Plaintiffs Aerodynamics Incorporated ("ADI") and ADI Holdings Company,
2  Inc. (collectively "ADI" or "Plaintiffs"), by and through their undersigned, and Defendants Caesars
3  Entertainment Operating Company, Inc. ("Caesars"), Steven Markhoff ("Markhoff"), International
4  management Solutions, LLC ("International Management Solutions"), Via Airlines, Inc. ("Via
5  Airlines"), Via Air, LLC ("Via Air"), and Amos Vizer ("Vizer") (collectively "Defendants"), by and
6  through their undersigned counsel of record, hereby enter into this Stipulated Confidentiality
7  Agreement and Protective Order pursuant to FRCP 26(c) and FRCP 29.  Plaintiffs and Defendants
8  are collectively referred to as the "Parties" in this Stipulation and individually as "Party."
9       The Parties agree that good cause exists to protect the confidential nature of the information
10 contained in documents, interrogatory responses, responses, responses to requests for admission, or
11 deposition testimony.  This action concerns claims for misappropriation of trade secrets and breach
12 of nondisclosure agreements.  The parties may request and/or exchange documents and information
13 relating to aircraft lease/sale terms, financial information, FAA manuals, customer lists and
14 agreements, agreements with vendors and suppliers of air charter companies, business plans,
15 budgets, strategies, and other trade secret or confidential information not generally known to third
16 parties.  Thus, the Parties have agreed and stipulated to the entry of this Order for the protection of
17 business records, information, financial records, trade secrets, confidential records, commercial
18 information, and related information produced or otherwise disclosed by the Parties in this action.
19      Whereas, the Parties desire to produce certain documents or other materials which contain
20 proprietary and/or confidential information;
21      It is hereby stipulated and agreed, by and between the Parties hereto, through their respective
22 counsel of record, that:
23      1.    **Applicability of this Protective Order.**  Subject to Section 2 below, this Protective
24 Order does not and will not govern any trial proceedings in this action but will otherwise be
25 applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory
26 responses, responses to requests for admissions, responses to requests for production of documents,
27 and all other discovery obtained pursuant to Federal Rules of Civil Procedure or other legal process
28 by or from, or produced on behalf of, a party or witness in connection with this action (this

information hereinafter shall be referred to as "Discovery Material"). As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties and nonparties that give testimony or produce documents or other information in connection with this action; "Receiving Party" shall refer to the parties in this action that receive such information, and "Authorized Recipient" shall refer to any person or entity authorized by Sections 8 and 9 of this Protective Order to obtain access to Confidential Information, Highly Confidential Information, or the contents of such Discovery Material.

2. **No Waiver.** This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony or other evidence at trial. Additionally, this Protective Order will not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege; work product doctrine or any other privilege or protection provided under the law.

3. **Designation of Information.** Any Producing Party may designate Discovery Material that is in its possession, custody, or control produced to a Receiving Party as "Confidential" or "Highly Confidential" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material contains nonpublic, confidential information as defined in Sections 4 and 5 below.

4. **Confidential Information.** For the purposes of this Order, "Confidential Information" shall mean all information or material which is or has been produced or disclosed to a Receiving Party during the course of this litigation, whether embodied in physical objects, documents, or the factual knowledge of persons, which has been designated in writing as "Confidential" by the Disclosing Party. "Confidential Information" means any information that constitutes, reflects, or discloses nonpublic information, trade secrets, know-how, or other financial, proprietary, commercially sensitive, confidential business, marketing, regulatory, or strategic

1  information, the disclosure of which the Disclosing Party (or its affiliates, personnel, or clients) and
2  which is not publicly known and cannot be ascertained from an inspection of publically available
3  sources, documents, material, or devices. Confidential Information shall also include sensitive
4  personal information that is not otherwise publically available, such as home addresses; social
5  security numbers; dates of birth; employment personnel files; medical information; home telephone
6  records/numbers; employee disciplinary records; family court documents sealed by the family court
7  pursuant to NRS 125.110 or designated Confidential by agreement of the parties to the family court
8  proceeding at issue; wage statements or earnings statements; employee benefits data; tax records;
9  and other similar personal financial information. Any Party that produces information during
10 discovery in this action and has a good faith and reasonable basis for claiming that such information
11 constitutes confidential and/or proprietary information may designate such information as
12 "Confidential."
13       5.    **Highly Confidential Information.**  For the purposes of this Order, "Highly
14 Confidential Information" is any Confidential Information as defined in Section 4 above that also
15 includes (a) extremely sensitive, highly confidential, nonpublic information, consisting either of
16 trade secrets or proprietary or other highly confidential business, financial, regulatory, private, or
17 strategic information (including information regarding business plans, technical data, and nonpublic
18 designs), the disclosure of which would create a substantial risk of competitive, business, or
19 personal injury to the Disclosing Party, and/or (b) nonpublic documents or information reflecting the
20 substance of conduct or communications that are the subject of state, federal, or foreign government
21 investigation. Any Party that produces information during discovery in this action and has a good
22 faith and reasonable basis for claiming that such information constitutes confidential and/or
23 proprietary information may designate such information as "Highly Confidential." A party may re-
24 designate material originally "CONFIDENTIAL" as "HIGHLY CONFIDENTIAL" by giving notice
25 of such a re-designation to all parties.
26       6.    **Designating Confidential Information or Highly Confidential Information.**
27 Confidential documents shall be so designated by stamping copies of the document (whether
28 produced in hard copy or electronic form) to a party with the legend "CONFIDENTIAL" or

1   "HIGHLY CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" or "HIGHLY
2   CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the
3   document as confidential, unless otherwise indicated by the Producing Party.  If Confidential or
4   Highly Confidential Information is produced via an electronic form on a computer readable medium
5   (e.g., CD-ROM), other digital storage medium, or via Internet transmission, the Producing Party or
6   Designating Party shall affix in a prominent place on the storage medium or container file on which
7   the information is stored, and on any container(s) for such medium, the legend "Includes
8   CONFIDENTIAL INFORMATION" or "Includes HIGHLY CONFIDENTIAL INFORMATION."
9   Nothing in this section shall extend confidentiality or the protections associated therewith to any
10  information that does not otherwise constitute "Confidential Information" or "Highly Confidential
11  Information" as defined in Sections 4 and 5 herein.

12          7.      **Inadvertent Failure to Designate.**  A Party's inadvertent or unintentional failure to
13  designate information as Confidential shall not be deemed, by itself, to be a waiver of the right to so
14  designate such discovery materials as Confidential Information or Highly Confidential Information.
15  Within a reasonable time of learning of any such inadvertent failure, the Producing Party shall notify
16  all Receiving Parties of such inadvertent failure and take such other steps as necessary to correct
17  such failure after becoming aware of it.  Disclosure of such discovery materials to any other person
18  prior to later designation of the discovery materials in accordance with this section shall not violate
19  the terms of this Protective Order.  However, immediately upon being notified of an inadvertent
20  failure to designate, all parties shall treat such information as though properly designated, and shall
21  take any actions necessary to prevent any future unauthorized disclosure, use, or possession.

22          8.      **Persons Authorized to Receive Confidential Information.** Confidential
23  Information produced pursuant to this Protective Order may be disclosed or made available only to
24  the Court, its employees, other court personnel, any discovery referee, mediator or other official who
25  may be appointed by the Court, and to the persons below:
26              a.      A party, or officers, directors, employees, and agents of a party deemed
27                      necessary by counsel to aid in the prosecution, defense, or settlement of this
28                      action;

- 4 -

1        b.        Counsel for a party (including in house attorneys, outside attorneys associated with a law firm(s) of record, and paralegal, clerical, and secretarial staff employed by such counsel);

c.        Consultants or expert witnesses (together with their support staff) retained for the prosecution or defense of this litigation, provided that such an expert or consultant is not a current employee of a direct competitor of a party named in this action;

d.        Court reporter(s) and videographers(s) employed in this action;

e.        Any authors or recipients of the Confidential or Highly Confidential Information;

f.        A witness at any deposition or other proceeding in this action, who shall acknowledge prior to being shown confidential information that they will abide by the Protective Order; and

g.        Any other person as to whom the parties in writing agree or that the Court in these proceedings so designates.

Any person to whom Confidential Information is disclosed pursuant to subparts (a) through (f) hereinabove shall be advised that the Confidential Information is being disclosed pursuant to an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper.  Any person to whom Confidential Information is disclosed pursuant to subpart (c) or (g) of this section shall also be required to execute a copy of the form Exhibit A (which shall be maintained by the counsel of record for the party seeking to reveal the Confidential Information) in advance of being shown the Confidential Information.  No party (or its counsel) shall discourage any persons from signing a copy of Exhibit A.  If a person refuses to execute a copy of Exhibit A, the party seeking to reveal the Confidential Information shall seek an order from the Court directing that the person be bound by this Protective Order.  In the event of the filing of such a motion, Confidential Information may not be disclosed to such person until the Court resolves the issue.

1  Proof of each written agreement provided for under this Section shall be maintained by each of the
2  parties while this action is pending and disclosed to the other parties upon good cause shown and
3  upon order of the Court.
4       9.     **Persons Authorized to Receive Highly Confidential Information.** "HIGHLY
5  CONFIDENTIAL " documents and information may be used only in connection with this case and
6  may be disclosed only to the Court and the persons listed in subsections (b), (d), (e) and (g) of
7  Section 8 above, but shall not be disclosed to a party, or an employee of a party, unless otherwise
8  agreed or ordered.  Any person to whom Highly Confidential Information is disclosed pursuant to
9  sub-sections (d) or (g) of Section 8 above shall also be required to execute a copy of the form
10 Exhibit A.
11      10.    **Use of Confidential Information or Highly Confidential Information.**  Except as
12 provided herein, Confidential Information and Highly Confidential Information designated or
13 marked shall be maintained in confidence, used solely for the purposes of this action, to the extent
14 not otherwise prohibited by an order of the Court, shall be disclosed to no one except those persons
15 identified herein in Sections 8 and 9, and shall be handled in such manner until such designation is
16 removed by the Designating Party or by order of the Court.  Confidential or Highly Confidential
17 information produced by another party shall not be used by any Receiving Party for any commercial,
18 competitive or personal purpose.  Nothing in this Protective Order shall govern or restrict a
19 Producing Party's use of its own Confidential or Highly Confidential Information in any way.
20      11.    **Use of Confidential Information and Highly Confidential Information in**
21 **Depositions.**  Counsel for any party shall have the right to disclose Confidential or Highly
22 Confidential Information at depositions, provided that such disclosure is consistent with this
23 Protective Order, including Sections 8 and 9.  Any counsel of record may request that all persons not
24 entitled under Sections 8 and 9 of this Protective Order to have access to Confidential Information or
25 Highly Confidential Information leave the deposition room during the confidential portion of the
26 deposition.  Failure of such other persons to comply with a request to leave the deposition shall
27 constitute substantial justification for counsel to advise the witness that the witness need not answer
28 the question where the answer would disclose Confidential Information or Highly Confidential

1  Information.  Additionally, at any deposition session, (1) upon inquiry with regard to the content of
2  any discovery material(s) designated or marked as "CONFIDENTIAL" or "HIGHLY
3  CONFIDENTIAL;" (2) whenever counsel for a party deems that the answer to a question may result
4  in the disclosure or revelation of Confidential or Highly Confidential Information; and/or  (3)
5  whenever counsel for a party deems that the answer to any question has resulted in the disclosure or
6  revelation of Confidential or Highly Confidential Information, counsel to any party may designate
7  portions of a deposition transcript and/or video of any deposition (or any other testimony) as
8  containing Confidential or Highly Confidential Information in accordance with this Order by a
9  statement on the record during the deposition or by notifying all other parties in writing, within
10 thirty (30) calendar days of receiving the transcript or video that it contains Confidential or Highly
11 Confidential Information and designating the specific pages, lines, and/or counter numbers as
12 containing Confidential or Highly Confidential Information.  If a designation is made via a
13 statement on the record during a deposition, counsel must follow up in writing within thirty (30)
14 calendar days of receiving the transcript or video, identifying the specific pages, lines, and/or
15 counter numbers containing the Confidential or Highly Confidential Information.  If no
16 confidentiality designations are made within the thirty calendar (30) day period, the entire transcript
17 shall be considered nonconfidential.  During the thirty (30) day period, the entire transcript and
18 video shall be treated as Confidential Information (or Highly Confidential Information).  All
19 originals and copies of deposition transcripts that contain Confidential Information or Highly
20 Confidential Information shall be prominently marked "CONFIDENTIAL" or "HIGHLY
21 CONFIDENTIAL " on the cover thereof and, if and when filed with the Court, the portions of such
22 transcript so designated shall be redacted and/or filed under seal as appropriate.  Counsel must
23 designate portions of a deposition transcript as "CONFIDENTIAL" or "HIGHLY
24 CONFIDENTIAL" within thirty calendar (30) days of receiving the transcript.  Any DVD or other
25 digital storage medium containing Confidential or Highly Confidential deposition testimony shall be
26 labeled in accordance with the provisions of Section 6.
27         12.     **Notice to Non-Parties.**  The Parties agree that documents produced by non-parties in
28 this action should be afforded the same protection contemplated by the parties in this Order.  Prior to

1  obtaining any information, documents, or items produced by a non-party voluntarily or in response
2  to a subpoena or court order, the Party intending to receive the information from a non-party shall
3  provide the non-party with a copy of this Stipulated Confidentiality Agreement and Protective
4  Order. By executing Exhibit "A" to the Stipulated Confidentiality Agreement and Protective Order
5  entitled "Acknowledgment and Agreement to Be Bound," any non-party producing such information
6  shall be entitled to designate documents as Confidential pursuant to its terms and afforded the same
7  protections as the parties as contemplated in the Stipulated Confidentiality Agreement and
8  Protective Order.

9        13.    **Filing of Confidential Information or Highly Confidential Information With**
10  **Court.**  Any party seeking to file or disclose materials designated as Confidential Information or
11  Highly Confidential Information with the Court in this Action must move to file such Confidential
12  or Highly Confidential Information redacted and/or under seal.  The Designating Party will have the
13  burden to provide the Court with any information necessary to support the designation as
14  Confidential Information or Highly Confidential Information.  Nothing in this section shall preclude
15  a party from challenging a designation in accordance with Section 16 below.

16        14.    **Knowledge of Unauthorized Use or Possession.**  If a party receiving Confidential
17  Information or Highly Confidential Information learns of any possession, knowledge, use or
18  disclosure of any Confidential Information or Highly Confidential Information in violation of the
19  terms of this Protective Order, the Receiving Party shall immediately notify in writing the party that
20  produced the Confidential Information or Highly Confidential Information.  The Receiving Party
21  shall promptly furnish the Producing Party the full details of such possession, knowledge, use or
22  disclosure.  With respect to such unauthorized possession, knowledge, use or disclosure the
23  Receiving Party shall assist the Producing Party in remedying the disclosure (e.g., by retrieving the
24  Confidential Information from an unauthorized recipient) and/or preventing its recurrence.

25        15.    **Information Not Confidential.**  The restrictions set forth in this Protective Order
26  shall not be construed to apply to any information or materials that:
27        a.    Were lawfully in the Receiving Party's possession prior to such information being
28            designated as Confidential or Highly Confidential Information in this action, and

- 8 -

              that the Receiving Party is not otherwise obligated to treat as confidential, including by virtue of the nondisclosure agreement between Caesars and ADI dated October 2, 2014, or the IMS Letter of Intent dated February 7, 2015;

    b.    Were obtained without any benefit or use of Confidential or Highly Confidential Information from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

    c.    Were independently developed after the time of disclosure by persons who did not have access to the Producing Party's Confidential or Highly Confidential Information;

    d.    Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

    e.    Under law, have been declared to be in the public domain.

16.    **Challenges to Designations.**  If, at any time, counsel for the Receiving Party believes that the Producing Party has unreasonably designated certain information as Confidential Information or Highly Confidential Information, the Receiving Party may object in writing to the designation within thirty (30) days of the disclosure and designation of Confidential Information or Highly Confidential Information at issue. If the Parties are unable to confer and agree on the designation, then the Receiving Party may timely file a motion with the Court asserting its challenge to the designation. The Party claiming Confidential Information or Highly Confidential Information shall have the burden of establishing confidentiality. Any contested information shall continue to be treated as confidential and subject to this Protective Order until such time as such motion has been ruled upon.

17.    **No Waiver of Privilege.** Disclosure (including production) of information after the parties' entry of this Protective Order that a party or nonparty later claims was inadvertent and should not have been disclosed because of a privilege, including, but not limited to, the attorney client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for

1   withholding production as to which the Disclosing or Producing Party would be entitled in this
2   action.

3       18.     **Effect of disclosure of Privileged Information.**  The Receiving Party hereby agrees
4   to promptly return, sequester, or destroy any Privileged Information disclosed or produced by
5   Disclosing or Producing Party upon request by Disclosing or Producing Party regardless of whether
6   the Receiving Party disputes the designation of Privileged Information.  The Receiving Party may
7   sequester (rather than return or destroy) such Privileged Information only if it contends that the
8   information itself is not privileged or otherwise protected and it challenges the privilege designation,
9   in which case it may only sequester the information until the claim of privilege or other protection is
10  resolved.  If any party disputes the privilege claim ("Objecting Party"), that Objecting Party shall
11  object in writing by notifying the Producing Party of the dispute and the basis therefore.  The parties
12  thereafter shall meet and confer in good faith regarding the disputed claim within ten (10) court days
13  after service of the written objection.  In the event that the parties do not resolve their dispute, the
14  Objecting Party may bring a motion for a determination of whether a privilege applies within ten
15  (10) court days of the meet and confer session, but may only contest the asserted privileges on
16  ground other than the inadvertent production of such document(s).  In making such a motion, the
17  Objecting Party shall not disclose the content of the document(s) at issue, but may refer to the
18  information contained on the privilege log.  Nothing herein shall relieve counsel from abiding by
19  applicable ethical rules regarding inadvertent disclosure and discovery of inadvertently disclosed
20  privileged or otherwise protected material.   The failure of any party to provide notice or instructions
21  under this Paragraph shall not constitute a waiver of, or estoppel as to, any claim of attorney-client
22  privilege, attorney work product, or other ground for withholding production as to which the
23  Disclosing or Producing Party would be entitled in this action.

24      19.     **Redaction Allowed.**  Any Producing Party may redact from the documents or things
25  it produces matter that the Producing Party claims is subject to the attorney-client privilege, the
26  work product doctrine, a legal prohibition against disclosure, or any other privilege from disclosure.
27  Any Producing Party also may redact information that is both personal and nonresponsive, such as a
28  social security number.  A Producing Party may not withhold nonprivileged, responsive information

1  solely on the grounds that such information is contained in a document that includes privileged
2  information.  The Producing Party shall mark each redaction with a legend stating "REDACTED,"
3  and include an annotation indicating the specific reason for the redaction (e.g., "REDACTED—
4  Work Product").  All documents redacted based on attorney client privilege or work product
5  immunity shall be listed in an appropriate log in conformity with Federal Rule of Civil Procedure
6  26(b)(5).  Where a document consists of more than one page, the page on which information has
7  been redacted shall so be marked.  The Producing Party shall preserve an unredacted version of such
8  document.

9        20.  **Inadvertent Production of Non-Discoverable Documents.**  If a Producing Party
10 inadvertently produces a document that contains no discoverable information, the Producing Party
11 may request in writing that the Receiving Party return the document, and the Receiving Party will
12 return the document.  A Producing Party may not request the return of a document pursuant to this
13 section if the document contains any discoverable information.  If a Producing Party inadvertently
14 fails to redact personal information (e.g., a social security number), the Producing Party may provide
15 the Receiving Party a substitute version of the document that redacts the personal information, and
16 the Receiving Party shall return the original, unredacted document to the Producing Party.

17       21.  **Reservation of Rights.**  This Order shall be without prejudice to the rights of the
18 Parties to present a motion to the Court under applicable Federal Rules of Civil Procedure for a
19 separate protective order as to any particular document or information, including restrictions
20 differing from those as specified herein.  This Order shall not be deemed to prejudice the Parties in
21 any way in any future application for modification of this Order.  Such motion, however, shall only
22 be made after the Parties have engaged in a good faith effort to resolve the issue prior to any
23 application to the Court.  Nothing in this Stipulation shall restrict the use or disclosure by a Party of
24 information that it alone has designated as Confidential.  In addition, this Stipulation shall not limit
25 or circumscribe in any manner any rights the Parties (or their respective counsel) may have under
26 common law or pursuant to any state, federal, or foreign statute or regulation, and/or ethical rule.

27       22.  **Other Actions and Proceedings.**  If a Receiving Party (a) is subpoenaed in another
28 action, investigation, or proceeding, (b) is served with a demand in another action, investigation, or

- 11 -

1  proceeding, or (c) is served with any legal process by one not a party to this Protective Order,
2  seeking materials which were produced or designated as Confidential or Highly Confidential
3  Information pursuant to this Protective Order, the Receiving Party shall give prompt actual written
4  notice by electronic transmission to counsel of record for such Producing Party within five (5)
5  business days of receipt of such subpoena, demand or legal process, or such shorter notice as may be
6  required to provide other parties with the opportunity to object to the immediate production of the
7  requested discovery materials to the extent permitted by law.  The burden of opposing enforcement
8  of the subpoena shall fall upon the party or nonparty who produced or designated the Discovery
9  Material as Confidential or Highly Confidential Information.  Unless the party or nonparty who
10 produced or designated the Confidential or Highly Confidential Information obtains an order
11 directing that the subpoena not be complied with, and serves such order upon the Receiving Party
12 prior to production pursuant to the subpoena, the Receiving Party shall be permitted to produce
13 documents responsive to the subpoena on the subpoena response date.  Compliance by the
14 Receiving Party with any order directing production pursuant to a subpoena of any Confidential or
15 Highly Confidential Information shall not constitute a violation of this Protective Order.  Nothing in
16 this Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in
17 another action.

18         23.     **Order Survives Termination.**  This Protective Order shall survive the termination
19 of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of
20 information disclosed hereunder. Upon final termination of this action, including all appeals, and
21 upon request by the Producing Party, the Receiving Party shall, at its option, either return to the
22 Producing Party or destroy all physical objects and documents which embody Confidential
23 Information or Highly Confidential Information and which were received from the Producing Party,
24 and shall destroy, in whatever form stored or reproduced, all other physical objects and documents
25 produced by the Producing Party to the Receiving Party during the litigation.  However, counsel for
26 a Party shall be entitled to retain a copy of such Confidential Information or Highly Confidential
27 Information, including, but not limited to, pleadings, correspondence, memoranda, notes, and other
28 work product materials which contain or refer to such information, provided that all Confidential

1  Information embodied in physical objects and document shall remain subject to this Order.

2  DATED this 22nd day of December, 2016     DATED this 22nd day of December, 2016

3  HOBART LINZER LLP                          PISANELLI BICE PLLC

4

5  By: /s/ Mary H. Chu                        By: /s/ M. Magali Mercera
   C. Dana Hobart, Esq. (CA Bar No. 125139)   James J. Pisanelli, Esq. (NV Bar No. 4027)
   (*admitted pro hac vice*)                  Debra L. Spinelli, Esq. (NV Bar No. 9695)
6  Mary H. Chu, Esq. (CA Bar No. 156459)      M. Magali Mercera, Esq. (NV Bar No. 11742)
   (*admitted pro hac vice*)
7
   Anthony W. Austin, Esq. (NV Bar No. 10850) *Attorneys for Defendants Caesars Entertainment*
8  Christopher H. Byrd, Esq. (NV Bar No. 1633) *Operating Company, Inc.*
   Anthony W. Austin, Esq. (NV Bar No. 10850)
9  FENNEMORE CRAIG, P.C.

10 *Attorneys for Plaintiffs Aerodynamics*
   *Incorporated and ADI Holdings Company,*
11 *Inc.**

12 DATED this 22nd day of December, 2016     DATED this 22nd day of December, 2016

13 PEARSON BITMAN LLP                         SCHWARTZ FLANSBURG PLLC

14

15 By: /s/ Ronnie J. Bitman                   By: /s/ Frank M. Flansburg
   Ronnie J. Bitman, Esq. (FL Bar No. 0744891) Frank M. Flansburg III, Esq. (NV Bar No. 6974)
16 (*admitted pro hac vice*)                  Brian Blankenship, Esq. (NV Bar No. 11522)
                                              Troy P. Domina, Esq. (NV Bar No. 13862)
17 Matthew T. Dushoff, Esq. (NV Bar No. 4975)
   KOLESAR & LEATHAM, CHTD                    *Attorneys for Defendants Steven Markhoff,*
18                                            *International Management Solutions, LLC*
   *Attorneys for Defendants Via Airlines, Inc., Via*
19 *Air, LLC, and Amos Vizer**

20

21
                              **ORDER**
22
                        IT IS SO ORDERED:
23

24                      _____
                        UNITED STATES MAGISTRATE JUDGE,
25                      PEGGY LEEN

26                      DATED:  January 17, 2017

27
   ───────────────────────
28 * This agreement does not waive any jurisdictional arguments asserted by Defendant Amos Vizer and Plaintiffs in this action.

- 13 -

# FORM ATTACHMENT "A"
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirely and understand the Stipulated Confidentiality Agreement and Protective Order that was issued by the United States District Court, District of Nevada on _____ [date] in the action entitled AERODYNAMICS INCORPORATED, et al. v. CAESARS ENTERTAINMENT OPERATING COMPANY, INC., et al.; Case No. 2:15-cv-01344.  I agree to comply with and to be bound by all of the terms of this Stipulated Confidentiality Agreement and Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Confidentiality Agreement and Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Confidentiality Agreement and Protective Order.

I further agree to submit to the jurisdiction of the United States District Court, District of Nevada for the purpose of enforcing the terms of this Stipulated Confidentiality Agreement and Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 1 -