UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Aerodynamics Incorporated, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>Caesars Entertainment Operating Company, Inc., et al.,<br><br>    Defendants | **2:15-cv-01344-JAD-PAL**<br><br>**Order Denying Motions to Dismiss for Lack of Jurisdiction and for Leave to File Surreply**<br><br>[ECF Nos. 146, 154] |

Plaintiffs Aerodynamics Incorporated and ADI Holdings Company, Inc. (collectively "ADI") sue Caesars Entertainment Operating Company, Inc. (Caesars); Steven Markhoff and his company International Management Solutions, LLC (collectively "IMS"); and Amos Vizer and his companies Via Airlines, Inc., and Via Air, LLC for breach-of-contract and related claims. Shortly after this lawsuit was filed, ADI moved for a temporary restraining order and a preliminary injunction against these defendants, and I granted a narrowly tailored injunction against the IMS and Via defendants.[1] Nearly a year later—and 14 months after defendants filed their answer asserting a personal-jurisdiction defense on behalf of the Via defendants—Amoz Vizer filed a motion to dismiss for lack of personal jurisdiction.[2] Because I find that Vizer has waived his personal-jurisdiction defense and consented to this court's jurisdiction through his litigation conduct, I deny his motion to dismiss.[3]

---

[1] ECF Nos. 49, 77.

[2] ECF No. 32 (answer filed 8/26/15); ECF No. 146 (motion filed 10/26/2016).

[3] I find these matters suitable for disposition without oral argument. L.R. 78-1.

**Background**

ADI sues all of the defendants for misappropriation of trade secrets, and it sues Caesars, Markhoff, and IMS for breach of contract and breach of the covenant of good faith and fair dealing.[4] Defendants answered the complaint by admitting the veracity of some of ADI's allegations but denying that they misappropriated any of ADI's trade secrets or breached either agreement.[5]

ADI's claims center around two agreements. The first is a non-disclosure agreement ("NDA") that ADI and Caesars, through Caesars affiliate ESS Travel Management, entered into in October 2014 to protect the confidential information that would be exchanged while they negotiated an agreement for Caesars to charter aircraft from ADI.[6] Markhoff, then vice president of ESS Travel, was ADI's point of contact at Caesars for the NDA and proposed charter agreement.[7] The second agreement is a letter of intent ("LOI") that was entered into between ADI and IMS in February 2015, for IMS's proposed purchase of all of the equity interests in ADI.[8] IMS is Markhoff's company and he was ADI's point of contact at IMS for the LOI.[9]

ADI alleges that: (1) Caesars and Markhoff breached the NDA; (2) Markhoff and IMS breached the LOI; and (3) all of the defendants engaged in misappropriation when Markhoff shared ADI's trade secrets with its competitor, the Via entities.[10] ADI also alleges that the defendants misappropriated ADI's trade secrets when Markhoff used, and Via Airlines' chairman Vizer acquired and used, certain of ADI's trade secrets to negotiate with ADI's vendors and customers on

---

[4] ECF No. 1.

[5] *See generally* ECF No. 32.

[6] ECF No. 24 at ¶ 13; ECF No. 24-2 at 2–4.

[7] *See e.g.* ECF No. 35 at ¶¶ 1–16.

[8] ECF No. 24 at ¶ 19; ECF No. 24-2 at 2–9.

[9] *See* ECF No. 35 at ¶¶ 34–35.

[10] ECF No. 1 at ¶¶ 86–88, 96–97, 102.

behalf of Via.[11]  It is undisputed that Caesars ultimately awarded the charter agreement to Via,[12] which Markhoff attests had been a vendor of Caesars for several years.[13]

ADI promptly moved for a TRO.  On August 26, 2015, defendants filed an opposition to the motion for a TRO and answered ADI's complaint.  In their answer, defendants state that ADI's claims "against Via Airlines and/or Vizer are barred because and to the extent that this Court lacks personal jurisdiction. . . ."[14]  Though defendants continued to jointly and actively litigate this case for the next 14 months,[15] Vizer did not again raise his personal-jurisdiction defense until he filed the instant motion to dismiss for lack of jurisdiction on October 27, 2016.

Vizer argues that this court has neither general nor specific jurisdiction over him, and that the fiduciary-shield doctrine precludes jurisdiction over him based on the Via entities' contacts with Nevada.[16]  Vizer contends that ADI "fails to set forth well-pled facts as to [his] individual role in this lawsuit"[17] to show that he purposefully directed any act toward Nevada or purposefully availed himself to the benefits and privileges of doing business there; even if he did, the exercise of personal jurisdiction over him would be unreasonable.  ADI responds that Vizer waived his personal-jurisdiction defense by opposing its motion for a temporary restraining order and for a preliminary injunction, submitting to the injunction order against him, moving for leave to file an amended

---

[11] ECF No. 1 at ¶¶ 52–59, 62–67, 72–80.

[12] ECF No. 32 at ¶ 16.

[13] ECF No. 35 at ¶ 49.

[14] ECF No. 32 at 33.

[15] It appears that all defendants were represented by lawyers from the office of Pisanelli Bice PLLC from August 2015 until March of 2016 when the law firm of Schwartz Flansburg PLLC substituted in as counsel for Markhoff and IMS and Vizer and the Via entities. ECF Nos. 95, 100. In July 2016, Kolesar and Leatham (local counsel) and Pearson Bitman LLP (pro hac vice) substituted in as counsel for Vizer and the Via entities, ECF Nos. 128, 129 (minutes), so now the three separate groups of defendants are represented separately.

[16] *See* ECF No. 146.

[17] *Id.* at 10.

answer, participating in extensive document discovery, submitting numerous joint status reports and participating in related hearings, and participating in scheduling orders and related hearings.[18]  Even if he did not waive the defense, ADI contends, Vizer's purposeful activities—including numerous communications directed to residents and corporations in Nevada—in colluding to misappropriate ADI's confidential information to usurp a contract with a Nevada company constitute sufficient "minimum contacts" warranting the exercise of personal jurisdiction.[19]

Vizer dedicates the bulk of his reply to refuting ADI's waiver arguments, which make up the majority of its opposition.  ADI requests leave to file a surreply to address Vizer's waiver arguments.  Because Vizer merely responded to ADI's waiver arguments—and ADI had a full and fair opportunity to make those arguments in its opposition—I deny ADI's motion for leave to file a surreply,[20] and I decline to consider the brief it attaches to that motion.[21]

## Discussion

### A.  Vizer waived his personal-jurisdiction defense.

Because the personal-jurisdiction requirement recognizes and protects an individual liberty interest, "it can, like other such rights, be waived."[22]  A defendant abandons a personal-jurisdiction defense when he fails to raise it in either a responsive pleading or a Rule 12 motion.[23]  Though timely raising a Rule 12 defense will ordinarily preserve it, "raising the defense at an early stage of the proceedings does not mean that a party cannot thereafter waive it."[24]  Like most defenses, "lack of personal jurisdiction may be waived as a result of the course of conduct pursued by a party during

---

[18] ECF No. 147.

[19] *See id.*

[20] ECF No. 154.

[21] ECF No. 154-1.

[22] *Dow Chemical Co. v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005) (internal citations and quotations omitted).

[23] FED. R. CIV. P. 12(h).

[24] *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1071, 1074 (C.D. Cal. 2003).

litigation."[25]  For example, a defendant's "deliberate, strategic behavior" or "sandbagging" may cause the defense to be deemed waived.[26]

On the one hand, Vizer raised the defense of lack of personal jurisdiction in his first responsive pleading as required by the Federal Rules of Civil Procedure.[27]  On the other hand, Vizer did not reassert this objection in opposing ADI's motion for temporary restraining order (filed the same day) or its motion for preliminary injunction, and he did not seek relief from either injunction entered against him on that basis.  Though Vizer complied with the "minimum steps" to preserve his personal-jurisdiction defense by including it in a laundry list of affirmative defenses in defendants' answer, he failed to move forward with it for 14 months.  I find that Vizer impliedly consented to this court's jurisdiction—most significantly by opposing and then submitting to this court's injunction orders for more than a year[28] and by continuing to actively litigate this case for the past 14 months with no further jurisdictional challenge.[29]

All of the cases that Vizer cites in his reply refuting ADI's waiver argument are either non-binding or distinguishable.  Though neither party cites a controlling case that squarely resolves the question before me, I find that Vizer's deliberate conduct in this lawsuit combined with the lengthy delay between asserting the defense in the answer and filing the instant motion are sufficient to

---

[25] *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998).

[26] *Id.* at 1318.

[27] FED R. CIV. P. 12(b)(2).

[28] *Lavasoft*, 356 F. Supp. 2d at 1074 (finding waiver when defendants asserted personal-jurisdiction defense in answer but failed to reassert it in opposing plaintiff's motion for preliminary injunction despite being expressly afforded an opportunity to do so).

[29] ECF No. 30 (stipulation); ECF No. 39 (defendants' motion to seal); ECF No. 53 (defendants' opposition to motion for preliminary injunction); ECF No. 58 (defendants' motion to seal); ECF Nos. 59, 63, 70, 88 (stipulations); ECF No. 75 (opposition to motion to file surreply); ECF Nos. 83, 87 (motion for leave to file amended answer and reply in support) (all submitted on behalf of all defendants, including Vizer); *see also* ECF Nos. 106, 130, 137, 139 (joint status reports).  All of these filings were made before the instant dismissal motion.  The first time that the Via defendants' jurisdictional objection is mentioned in a status report is the 3/2/17 report in which a footnote explains that "the Via Defendants still contest this Court's jurisdiction over them." ECF No. 198 at 3.

achieve a waiver here.  Vizer's lead argument is that "all defenses, pleadings, filings, submissions, stipulations, and responses were undertaken on behalf of **ALL** defendants or multiple defendants, jointly," so Vizer never *individually* acquiesced to this court's jurisdiction.[30]  Vizer also contends that ADI confuses his "perfunctory and passive actions undertaken as an individual defendant with his corporate actions as Chairman of [the]Via Entity defendants."[31]  But it is Vizer who lumped himself in with his companies and the other defendants[32] by deciding to jointly answer and litigate this case.  ADI had no reason to anticipate at this belated date that Vizer would separately move to dismiss based on personal jurisdiction despite having jointly participated in the defense of this lawsuit with the other defendants up until now.  Vizer's argument that he should not be deemed to have consented to this court's jurisdiction because all filings were "undertaken on behalf of **ALL** defendants" is particularly disingenuous and unpersuasive given that he relies on the jointly filed answer as his only lifeboat for preserving the defense.

In short, though I recognize that Vizer properly asserted his personal-jurisdiction defense in the jointly filed answer and that mere perfunctory actions in a lawsuit do not waive that defense, I find that Vizer's post-answer delay in pursuing his personal-jurisdiction defense and the scope of his participation in this lawsuit is sufficient to constitute waiver.  I therefore deny his motion to dismiss.

---

[30] ECF No. 152 at 6 (emphasis in original).

[31] *Id.* at 6–7.  Vizer is not precluded from arguing at trial that he is not personally responsible for the wrongful conduct of the Via entities.

[32] The defendants were all jointly represented until March 2016.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant Amos Vizer's motion to dismiss for lack of personal jurisdiction **[ECF No. 146] is DENIED**, and ADI's motion for leave to file a surreply **[ECF No. 154] is DENIED.**

Dated this 21st day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judge