# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Aerodynamics, Inc. and ADI Holdings Company, Inc., <br><br> Plaintiffs <br><br> v. <br><br> Caesars Entertainment Operating Company, Inc., et al., <br><br> Defendants | 2:15-cv-01344-JAD-PAL <br><br> **Order Denying Motions to Seal Without Prejudice and Striking Unnecessarily Voluminous Exhibits** <br><br> [ECF Nos. 208, 211, 215, 221, 235, 239, 241, 243, 246, 249, 257 and 259] |

Plaintiffs Aerodynamics, Inc. and ADI Holdings Company, Inc. sue all of the defendants for misappropriation of trade secrets and some of the defendants for breach of contract and breach of the covenant of good faith and fair dealing.[1] The parties obtained a protective order to govern the production and use of evidence containing information that they have designated as confidential under that order. The defendants filed motions for summary judgment, and the parties now move to seal and redact the exhibits and briefs associated with those motions that have been designated as confidential under the protective order.[2]

The standard to seal judicial records is a stringent one: the sealing party must articulate compelling reasons supported by specific factual findings that overcome the strong presumption favoring public access. None of the parties meet this burden. I therefore deny the motions without prejudice to the parties reurging their requests to seal and redact in a single, joint motion.

In reviewing the motions to seal and redact, I noticed that the Via Airlines, Inc., Via Air, LLC, and Amos Vizer defendants attached entire deposition transcripts as exhibits to their motions for summary judgment that are excessively voluminous. So I also direct the Clerk of Court to strike the offending exhibits and give these defendants leave to file relevant excerpts of the transcripts as amended exhibits to their motions.

---

[1] ECF No. 1.

[2] ECF Nos. 208, 211, 215, 221, 235, 239, 241, 243, 246, 249, 257, and 259.

**Discussion**

**A.    Legal standard to seal judicial records used in dispositive motions**

The "compelling reasons" standard applies when the evidence sought to be sealed is a judicial record—not private material unearthed during discovery—and is used in the context of a dispositive motion.[3] Under this standard, "a district court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'"[4] The relevant factors "include the 'public interest in understanding the judicial process and whether disclosure of the material for scandalous or libelous purposes or infringement upon trade secrets.'"[5]

With limited exceptions not relevant here, there is a strong presumption favoring public access to judicial records.[6] In order to overcome this presumption, the party seeking to seal a judicial record bears the burden of "articulat[ing] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ."[7] "When sealing documents attached to a dispositive pleading, a district court must based its decision on a compelling reason and articulate a factual basis for its ruling, without relying on hypothesis or conjecture."[8] Thus, a moving party's "conclusory statements about the content of documents—that they are confidential and that, in general, their production would" harm the sealing party are not sufficient.[9]

---

[3] *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).

[4] *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

[5] *Id.* at 679 n.6 (quoting *Hagestad*, 49 F.3d at 1434).

[6] *See Kamakana*, 447 F.3d at 1178.

[7] *Id.* (quotation marks, quoted reference, and internal citation omitted).

[8] *Kamakana*, 447 F.3d at 1182 (quotation marks and quoted reference omitted) (emphasis omitted).

[9] *Id.*

**B.     Applying this standard to the parties' motions to seal**

The pending motions to seal and redact all pertain to evidence or textual discussions of evidence proffered in the context of the parties' summary-judgment motions, responses, and replies. In many instances, the party proffering the evidence and moving to seal it is not the same party that designated the evidence as confidential during discovery. To account for this discrepancy, the protective order smartly places the burden on the party who designated evidence as confidential to supply the court with the information necessary to support a motion to seal it.[10] Caesars Entertainment Operating Company, Inc. and the plaintiffs are the only designating parties that attempt to do this, but neither ultimately succeeds.[11]

I anticipate that some of the evidence at issue should be sealed under the compelling-reasons standard, but the parties have not made a sufficient factual showing that compelling reasons overcoming the public's right to access exist to allow me to support a sealing order with the required findings. The plaintiffs make general assertions that the 70+ exhibits they want sealed include trade-secret and other forms of information that are not publicly available—like names of customers and vendors, financial information and projections, and settlement strategies—and they conclude that they would be harmed if this information is revealed to their competitors.[12] But they do not explain why they would be harmed by public disclosure, so I can only speculate. The plaintiffs do not identify which category of needs-to-be-protected information each exhibit contains; they do not specify any facts supporting their general assertions and conclusions; and they do not provide a declaration or affidavit to establish those necessary facts.

---

[10] ECF No. 165 at 9, ¶ 13.

[11] Some of the evidence at issue in the parties' motions was purportedly designated as confidential by Via Airlines, Inc.; Via Air, LLC; Amos Vizer; Steven Markhoff; and International Management Solutions, LLC, *see e.g.* ECF No. 221 at 3–4, but no showing of compelling reasons was made for that evidence.

[12] ECF Nos. 235 at 2, 241 at 3, 241 at 3.

Caesars is more specific than the plaintiffs about the contents of the evidence,[13] but it generally concludes that this evidence contains information that is not public and that public disclosure would harm Caesars's business.[14] Caesars does not explain why it would be harmed by public disclosure. It does not specify any facts supporting its general conclusions about the non-public nature of the evidence and the harm that will befall if it is made public. And it does not provide a declaration or affidavit to establish those necessary facts.

Plaintiffs and Caesars are the only designating parties who attempt to show compelling reasons to seal judicial records in this case, but their briefs lack sufficient explanation, factual detail, and evidentiary support. Thus, it would be conjecture on my part to decide that compelling reasons exist to seal the evidence and briefs that are the subject of the parties' motions to seal and redact. I therefore deny the parties' motions without prejudice to their ability to re-urge their requests in a single, joint motion as I detail below.

### C.     Unnecessarily voluminous exhibits

Between their two motions for summary judgment, the Via and Vizer defendants attach full transcripts of the depositions of eight witnesses—nearly 3,000 pages— but appear to refer the court to less than a dozen pages from each transcript.[15] I strike these exhibits because they are "unnecessarily voluminous" in violation of LR IA 10-3(h) ("Exhibits . . . must be . . . not unnecessarily voluminous"), and I give the Via and Vizer defendants leave to refile the relevant excerpts from these transcripts as amended exhibits.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that the parties' motions to seal and redact **[ECF Nos. 208, 211, 215, 221, 235, 239, 241, 243, 246, 249, 257 and 259] are DENIED**

---

[13] *See e.g.* ECF No. 230 at 4 (stating that the transcript of Casto's deposition contains testimony about how Caesars conducts suitability investigations and details about specific investigations that Caesars has conducted).

[14] *See e.g. id.*

[15] *See* ECF Nos. 209 (corrected image for ECF No. 206), 212.

without prejudice. **The Clerk of Court is directed to keep the briefs and exhibits that are the subject of these motions SEALED until further order of the court.**

**If the parties wish to maintain the seal on their briefs and exhibits:**

(1) They must **meet and confer** (as defined by LR IA 1-3(f)) about which of those judicial records need to be sealed or redacted; and

(2) They must file a **single, joint motion** to seal and redact by **August 21, 2017**.

    (a) Because of the number of moving parties and volume of judicial records that are at issue here, I give the parties leave to exceed the page limit: the joint motion should **not exceed 30 pages**.

    (b) The requirement of a joint motion is not intended to alter paragraph 13 of protective order [ECF No. 165], which provides that the party who designates evidence as confidential bears the burden to prove that it should be sealed or redacted.

    (c) The joint motion must address in a simple, succinct manner each exhibit and brief that the parties sought to seal or redact with their individual motions, and must identify (in a manner that will allow the Clerk of Court to easily locate and unseal them) which (if any) of these judicial records they are no longer seeking to seal or redact.

IT IS FURTHER ORDERED that the unnecessarily voluminous exhibits attached to the Via and Vizer defendants' motions for summary judgment will be STRUCK. The Clerk of Court is directed to **STRIKE the following documents from the record**:

- **ECF No. 209-1** *SEALED*,[16] which contains the composite deposition transcript of Scott Beale (Exhibit 1 to the motion);
- **ECF No. 212-2** *SEALED*, which is the second volume of the deposition transcript of Scott Beale (Exhibit 1 to the motion);

---

[16] The entirety of ECF No. 209-1 *SEALED* (the appendix and all of the exhibits) must be struck because the moving defendants did not file the appendix and each exhibit as its own separate document under the main document as required under LR IC 2-2(a)(3)(A).

- **ECF No. 212-3** *SEALED*, which is the deposition transcript of John Beardsley (Exhibit 2 to the motion);
- **ECF No. 212-4** *SEALED*, which is the deposition transcript of Darrell Richardson (Exhibit 3 to the motion);
- **ECF No. 212-6** *SEALED*, which is the first volume of the deposition transcript of Scott Beale (Exhibit 5 to the motion);
- **ECF No. 212-7** *SEALED*, which is the deposition transcript of Richard Casto (Exhibit 6 to the motion);
- **ECF No. 212-8** *SEALED*, which is the deposition transcript of Amos Vizer (Exhibit 7 to the motion);
- **ECF No. 212-10** *SEALED*, which is the deposition transcript of Thomas Jenkin (Exhibit 9 to the motion);
- **ECF No. 212-11** *SEALED*, which is the deposition transcript of Emmanuel Lawrence (Exhibit 10 to the motion); and
- **ECF No. 212-12** *SEALED*, which is the deposition transcript of Samuel Engel (Exhibit 11 to the motion).

Via and Vizer defendants have leave to file relevant excerpts from these transcripts as amended exhibits to their motions by August 21, 2017.

DATED: July 21, 2017.

_____
U.S. District Judge Jennifer A. Dorsey