# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Aerodynamics, Inc. and ADI Holdings Company, Inc., <br><br> Plaintiffs <br> v. <br><br> Caesars Entertainment Operating Company, Inc., et al., <br><br> Defendants | Case No.: 2:15-cv-01344-JAD-PAL <br><br> **Order Granting Joint Motion to Seal or Redact and Providing Further Instruction** <br><br> [ECF No. 267] |

The parties jointly move to seal or redact many of the exhibits that they use to support their summary-judgment briefs, and parts of the briefs themselves.[1] Unless a particular court record is one that is "traditionally kept secret," there is a "strong presumption in favor of access" to the record.[2] Parties seeking to seal a judicial record must overcome this presumption by "articulat[ing] compelling reasons supported by specific factual findings" that outweigh the traditional right of public access.[3] Unlike with sealed discovery attached to a non-dispositive motion, the "compelling reasons" standard applies with full force to dispositive motions and their attachments—even those "previously filed under seal or protective order."[4]

I have reviewed the sealed exhibits in camera, and I conclude that the parties have shown compelling reasons to seal or redact these judicial records because they discuss, contain, or are themselves either trade-secret, confidential personal-identifying, or confidential financial information that, if publicly disclosed, could be used by nonparties and competitors to

---

[1] ECF No. 267.

[2] *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations and quotations omitted).

[3] *Id.* (internal citations and quotations omitted).

[4] *Id.* at 1179.

1

disadvantage the parties. Accordingly, for the reasons articulated in the parties' joint motion, IT IS HEREBY ORDERED that the parties' joint motion to seal or redact **[ECF No. 267] is GRANTED**.

I had directed the Clerk of Court to seal the briefs and exhibits that were the subject of the parties' individual motions to seal until my further order.[5] In light of my instant order granting the parties' joint motion to seal or redact, a copious number of the parties' exhibits must be unsealed, and some of the parties' exhibits and briefs will have to be redacted consistent with this order, and then the redacted versions will have to be filed. I find that unsealing scores of judicial records would impose a substantial burden on the Clerk of Court. I note that some of the parties' filings do not comply with LR IC 2-2(a)(3)(A)'s direction that exhibits "must be attached as separate files[,]"[6] so they contain both exhibits that I have allowed to remain sealed and ones that I have not. And I am mindful that my written decision on the parties' underlying motions might need to be redacted as a result of this order.

With these concerns in mind, IT IS FURTHER ORDERED that the **Clerk of Court** is directed to **MAINTAIN THE SEAL on ALL** of the judicial records that are currently sealed on the docket in this case, and the **PARTIES** ARE ORDERED to:

1. Repackage the exhibits for all of their briefs into a single filing that contains an appendix and is filed consistent with LR IC 2-2(a)(3)(A). By this, I mean that each party or party group must create and file a single document that contains an appendix and all of the exhibits that they filed with their summary-judgment briefs. So, each party or group's package should contain, consistent with this order: (1) an appendix and (2) the exhibits they filed that are no longer sealed, (3) cover pages for the exhibits they filed that are to remain sealed in their entirety, and (3) redacted copies of exhibits they filed that are to be redacted. For the parties' convenience, a table listing all of the exhibits that are to remain sealed, in whole or in part, is attached to this order as Appendix A; and

---

[5] ECF No. 263.

[6] *See e.g.* ECF No. 255 (not rule compliant); *but see* ECF No. 237 (rule compliant).

1         2.      Redact the parts of their summary-judgment briefs that discuss or contain information that is to remain sealed consistent with this order, and file those redacted briefs. The parties must state in the caption and docket text that the briefs are "redacted."

        IT IS FURTHER ORDERED that plaintiffs' footnoted request that I exclude Via Reply Exhibit 1 and disregard the argument related to that exhibit is **DENIED**.

Dated: March 28, 2018

                                      _____
                                      U.S. District Judge Jennifer A. Dorsey

# Appendix A

| Docket Location of Exhibits that REMAIN SEALED | Parties' Description |
|---|---|
| ECF No. 214-7 | Markhoff's Exhibit 3 |
| ECF No. 214-9 | Markhoff's Exhibit 5 |
| ECF No. 214-8 | Markhoff's Exhibit 4 |
| ECF No. 214-14 | Markhoff's Exhibit 10 |
| ECF No. 237-3 | Plaintiffs' Exhibit 3 |
| ECF No. 237-4 | Plaintiffs' Exhibit 4 |
| ECF No. 237-6 | Plaintiffs' Exhibit 6 |
| ECF No. 237-9 | Plaintiffs' Exhibit 9 |
| ECF No. 237-14 | Plaintiffs' Exhibit 14 |
| ECF No. 237-15 | Plaintiffs' Exhibit 15 |
| ECF No. 237-24 | Plaintiffs' Exhibit 24 |
| ECF No. 237-30 | Plaintiffs' Exhibit 30 |
| ECF No. 237-31 | Plaintiffs' Exhibit 31 |
| ECF No. 237-32 | Plaintiffs' Exhibit 32 |
| ECF No. 237-35 | Plaintiffs' Exhibit 35 |
| ECF No. 237-41 | Plaintiffs' Exhibit 41 |
| ECF No. 237-45 | Plaintiffs' Exhibit 45 |
| ECF No. 237-46 | Plaintiffs' Exhibit 46 |
| ECF No. 237-47 | Plaintiffs' Exhibit 47 |
| ECF No. 237-50 | Plaintiffs' Exhibit 50 |
| ECF No. 237-51 | Plaintiffs' Exhibit 51 |
| ECF No. 237-52 | Plaintiffs' Exhibit 52 |
| ECF No. 237-53 | Plaintiffs' Exhibit 53 |
| ECF No. 237-59 | Plaintiffs' Exhibit 59 |

| Docket Location of Exhibits that REMAIN SEALED | Parties' Description |
|---|---|
| ECF No. 237-60 | Plaintiffs' Exhibit 60 |
| ECF No. 237-61 | Plaintiffs' Exhibit 61 |
| ECF No. 237-62 | Plaintiffs' Exhibit 62 |
| ECF No. 237-65 | Plaintiffs' Exhibit 65 |
| ECF No. 237-67 | Plaintiffs' Exhibit 67 |
| ECF No. 327-68 | Plaintiffs' Exhibit 68 |
| ECF No. 237-69 | Plaintiffs' Exhibit 69 |
| ECF No. 237-70 | Plaintiffs' Exhibit 70 |
| ECF No. 223-1 | Caesars's Exhibit 1 |
| ECF No. 223-4 | Caesars's Exhibit 4 |
| ECF No. 223-5 | Caesars's Exhibit 5 |
| ECF No. 223-6 | Caesars's Exhibit 6 |
| ECF No. 223-13 | Caesars's Exhibit 13 |
| ECF No. 223-16 | Caesars's Exhibit 16 |
| ECF No. 223-21 | Caesars's Exhibit 21 |
| ECF No. 224-1 | Caesars's Exhibit 22 |
| ECF No. 224-3 | Caesars's Exhibit 24 |
| ECF No. 224-4 | Caesars's Exhibit 25 |
| ECF No. 224-5 | Caesars's Exhibit 26 |
| ECF No. 224-8 | Caesars's Exhibit 28 part 1 of 2 |
| ECF No. 224-9 | Caesars's Exhibit 28 part 2 of 2 |
| ECF No. 224-9 | Caesars's Exhibit 29 |
| ECF No. 224-10 | Caesars's Exhibit 30 |
| ECF No. 224-11 | Caesars's Exhibit 31 |
| ECF No. 224-12 | Caesars's Exhibit 32 |
| ECF No. 224-13 | Caesars's Exhibit 33 |

| Docket Location of Exhibits that REMAIN SEALED | Parties' Description |
|---|---|
| ECF No. 224-14 | Caesars's Exhibit 34 |
| ECF No. 224-15 | Caesars's Exhibit 35 |
| ECF No. 224-18 | Caesars's Exhibit 38 |
| ECF No. 225-1 | Caesars's Exhibit 39 |
| ECF No. 225-6 | Caesars's Exhibit 44 |
| ECF No. 225-11 | Caesars's Exhibit 49 |
| ECF No. 225-9 | Caesars' Exhibit 47 |
| ECF No. 225-10 | Caesars's Exhibit 48 |
| ECF No. 225-12 | Caesars's Exhibit 50 |
| ECF No. 227-2 | Exhibit 2 to Mercera Decl. |
| ECF No. 255 | Containing Caesars's Exhibits 52, 53, 60, 54, 61 |
| ECF No. 258-2 | Caesars's Reply Exhibit B |
| ECF No. 265-3 | Via Exhibit 3 |
| ECF No. 247-2 | Via Reply Exhibit 1 |
| ECF No. 266-6 | Via's Exhibit 6 |