**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Aerodynamics Incorporated and ADI Holdings Company, Inc., | Case No.: 2:15-cv-01344-JAD-BNW |
| Plaintiffs | |
| v. | **Order Denying Without Prejudice Plaintiffs' Motion to Voluntarily Dismiss Bankrupt Defendant Via Airlines, Inc.** |
| Caesars Entertainment Operating Company, et al., | [ECF No. 320] |
| Defendants | |

Plaintiffs move under Federal Civil Procedure Rule 41(a)(2) to dismiss their claim for misappropriation of trade secrets against defendant Via Airlines, Inc. without prejudice and with each party to bear its own attorney's fees and costs.[1] But there's a hitch: Via Airlines filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code[2] with the U.S. Bankruptcy Court for the Middle District of Florida, that bankruptcy case is still pending, and the bankruptcy court recently confirmed Via Airlines' plan of reorganization.[3] Complicating this hitch is the fact that the parties briefed plaintiffs' dismissal motion before Via Airlines' plan was confirmed, so none addresses what effect the confirmed plan's existence has on the motion's merits. But the parties recently filed a joint status report stating that (1) the discharge injunction is in effect, (2) the Reorganized Debtor is executing its plan terms for the benefit of those creditors that filed

---

[1] ECF No. 320.

[2] 11 U.S.C. §§ 101–1532.

[3] ECF No. 317; *In re Via Airlines, Inc.*, No. 16-bk-6589, at ECF 252 (Bankr. Mid. Dist. Fla. July 20, 2020) (Order Approving Disclosure Statement and Confirming Plan of Reorganization, as Modified, Submitted by Via Airlines, Inc.).

timely and proper claims, (3) claim objections will be filed this month and adversary proceedings are likely, and (4) the formal closure of the bankruptcy case is not expected to occur until 2021.

I resolve some of the issues that the parties raise in their briefing on plaintiffs' dismissal motion, but I do not decide the motion on its merits because it is unsupported, and the change of circumstances necessitates updated briefing. Thus, I deny plaintiffs' dismissal motion without prejudice to their ability to refile that motion with a full complement of the relevant points, authorities, and analysis. For similar reasons I likewise deny without prejudice defendants Steven Markhoff and International Management Solutions, LLC's request for a *Landis* stay.

### Discussion

**A.     The metes and bounds of the automatic stay**

The filing of a petition for relief under the Bankruptcy Code commences a bankruptcy case and creates a bankruptcy estate that "is protected by an automatic stay of actions by all entities to collect or recover on claims."[4] "The automatic stay is self-executing, effective upon the filing of the bankruptcy petition."[5] "The scope of the stay is quite broad."[6] "It applies to almost any type of formal or informal action against the debtor or property of the estate."[7] "The automatic stay is an injunction issuing from the authority of the bankruptcy court, and bankruptcy court orders are not subject to collateral attack in other courts."[8] "That is so not only because of the 'comprehensive jurisdiction' vested in the bankruptcy courts, but also because 'persons subject to an injunctive order issued by a court with jurisdiction are expected to obey

---

[4] *Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 746 (9th Cir. 2017) (citing 11 U.S.C. § 362(a)).

[5] *Id.* (quotation omitted).

[6] *Id.* (brackets and quotation omitted).

[7] *Id.* at 746–47 (quotation omitted).

[8] *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000).

that decree until it is modified or reversed, even if they have proper grounds to object to the order.'"[9]

It has long been the law of the Ninth Circuit that the automatic stay "does not protect non-debtor parties or their property[,]" nor does it "stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor."[10]  "However, if the liability of the non-debtor party *were* to affect the property of the bankruptcy estate, . . . it may be necessary for the plaintiff in such a case to proceed against the non-debtor party through bankruptcy proceedings."[11]  But "[e]ven then, the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction."[12]  "Such extensions, although referred to as extensions of the automatic stay, are in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate."[13]

In the Ninth Circuit, "actions taken in violation of the automatic stay are void[,]" including "*judicial proceedings* . . . ."[14]  But the Ninth Circuit has recognized that there are some "very limited circumstances" in which dismissing an action against a party after it files for bankruptcy would "not be an impermissible 'continuation' of a proceeding" in violation of the

---

[9] *Id.* (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 306, 313 (1995)).

[10] *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (quotation omitted).

[11] *Boucher v. Shaw*, 527 F.3d 1087, 1093 (9th Cir. 2009).

[12] *Id.* at 1093 n.3.

[13] *Id.* (quoting *Chugach*, 23 F.3d at 247 n.6) (brackets and internal quotation marks omitted).

[14] *Id.* (brackets and quotation omitted); *accord* 11 U.S.C. § 362(a)(1) (providing that any continuation of a judicial action against the debtor that was started before the bankruptcy case constitutes a violation of the automatic stay).

automatic stay.[15]  The court elaborated in *Dean v. Trans World Airlines, Inc.* that dismissing claims against a bankrupt party violates the automatic stay if "the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case."[16]

The automatic stay is not perpetual.  The bankruptcy court has the power to grant parties relief from the automatic stay, "such as by terminating, annulling, modifying, or conditioning such stay[,]"[17] and it has "wide latitude" in crafting that relief.[18]  The automatic stay of acts against the property of the estate expires when that "property is no longer property of the estate."[19]  And the automatic stay of judicial actions against the bankrupt party expires at "the earliest of" the time that the bankruptcy "case is closed . . . or dismissed" or, in cases under chapters 9, 11, 12, or 13 of the Bankruptcy Code, "the time [that] a discharge is granted or denied."[20]

**B.     Plaintiffs' motion to voluntarily dismiss bankrupt defendant Via Airlines**

Caesars Entertainment Operating Company, Inc. argues that I should deny plaintiffs' four-sentence dismissal motion because it is not fully supported.[21]  That assessment is accurate. Plaintiffs fail to analyze whether the act of dismissing bankrupt defendant Via Airlines is prohibited by 11 U.S.C. § 362's automatic stay, which was in effect when the motion was filed. Plaintiffs also fail to address the Ninth Circuit's long-standing instruction that dismissing a

---

[15] *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995).

[16] *Id.*

[17] 11 U.S.C. § 362(d).

[18] *In re Kissinger*, 72 F.3d 107, 109 (9th Cir. 1995).

[19] 11 U.S.C. § 362(c)(1).

[20] 11 U.S.C. § 362(c)(2)(A)–(C).

[21] ECF No. 327 at 7–8.

bankrupt party violates the automatic stay if "the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case."[22]  In light of the parties' dispute about whether Via Airlines is a necessary and indispensable party, I am inclined to conclude that a decision to dismiss Via Airlines would violate the automatic stay because it requires me to first consider other issues that are related to the underlying case.  But no party analyzes the *Dean* dismissal test on these facts,[23] so I instead deny plaintiffs' dismissal motion because it is not fully supported.

I also deny plaintiffs' dismissal motion because the circumstances have changed since it was filed.  The bankruptcy court approved Via Airlines' plan of reorganization, which the parties conclude means that 11 U.S.C. § 524's discharge injunction is now in effect.[24]  But because that statement was made in a joint status report, the parties understandably do not elaborate upon what that means for this case.  However, the confirmed plan's existence raises several questions that must be resolved before I can plot a course for this case.  For example, did the confirmed plan discharge Via Airlines' personal liability for the alleged debt to plaintiffs such that the automatic stay expired by operation of 11 U.S.C. § 362(c)(2)(C)?  Would the act of dismissing bankrupt Via Airlines be barred by 11 U.S.C. § 524's discharge injunction?  And what test should I apply to answer that question?

I decline to address the issues raised by these questions in the first instance.  I do not consider Markhoff and IMS's request for a *Landis*[25] stay because those defendants seek that

---

[22] *Dean*, 72 F.3d at 756.

[23] Caesars cites *Dean* in its response to plaintiffs' dismissal motion, but it fails to articulate and analyze the test that the Ninth Circuit set forth in that case to determine if dismissing a bankrupt party would violate the automatic stay.  *See* ECF No. 327 at 8–9.

[24] ECF No. 344 at 2, ¶ 5 (stating that the discharge injunction is found under 11 U.S.C. § 1141).

[25] *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).

relief in a response brief, not a motion, and their argument is not fully developed.[26]  Finally, I

decline those defendants' invitation to extend the automatic stay to all defendants in this case[27]

because the automatic stay is governed by the bankruptcy court.[28]

## Conclusion

IT IS THEREFORE ORDERED that:

- Plaintiffs' Motion for Voluntary Dismissal Without Prejudice of Via Airlines, Inc.
  **[ECF No. 320] is DENIED without prejudice** to their ability to renew that
  motion with a full complement of the relevant points, authorities, and analysis;

- Markhoff and IMS's request for a *Landis* stay **is DENIED without prejudice** to
  their ability to file a proper motion seeking such relief, with a full complement of
  the relevant points, authorities, and analysis; and

- Plaintiffs and Markhoff and IMS have until **October 30, 2020**, to file their
  respective motions.

_____
U.S. District Judge Jennifer A. Dorsey
October 9, 2020

---

[26] *See* ECF No. 326 at 15.

[27] *Id.* at 13–15.

[28] *See, e.g.*, *Chugach*, 23 F.3d at 246–47 & n.6; *Boucher*, 527 F.3d at 1093 & n.3.